The judgment of the court was pronounced by
Eustis, C. J.
The plaintiff, who is an attorney and counsellor at law, residing and practising in the parish of Point Coupée, brought his action against Morris and Tloherty to recover the amount of an obligation contracted by them, together with &eo. W. O'Blenis, to this effect: “We, O’Blenis as principal, and Morris and Doherty as securities, promise to pay, jointly and severally, five hundred dollars to Thomas J. Cooley or order, for value received, payable at the office of the Canal Bank at Bayou Sara on the first of January next.” It bears date the 32th of June, 1845.
The answer alleges the obligation to be void for want of consideration; it charges that the note was given by O’Blenis to the plaintiff to secure the payment of a fee which O’Blenis agreed to give him, as assistant counsel in his defence, under an indictment for murder then pending against him in the district court; that the plaintiff, instead of rendering to O’Blenis his professional services throughout the prosecution, abandoned the case before its termination; by reason of which O’Blenis was compelled to employ other counsel at great expense, &c.
In the court of the first instance, after a trial on the merits, the plaintiff was non-suited. From that judgment he has appealed.
It appears that O’Blenis was committed to prison on a charge of murder, and fhat the plaintiff was employed as one of his counsel. He refused to appear for the accused, unless security was given him for his fees; and O’Blenis gave him the obligation sued on, which was cpnsidered as satisfactory; the plaintiff undertalcing to defend him to the termination of the prosecution.
The first trial of O’Blenis took place in June, 1845, at Point Coupée ; the plaintiff appeared for the prisoner and acted as his counsel throughout the pro *164 eeedings which, lasted two days. It had no final result, as the jury was discharged, not being able to agree on a verdict.
A second trial took place in September, 1846, which was attended with the same result as the first. A third attempt was made to bring this prosecution to a close, when, after part of the jury was sworn, it was abandoned, a nolle prosequi having been, by leave of court, entered by the district attorney. The note or obligation given by O’Blenis to the plaintiff fell due in January, 1846, and was protested for non-payment. Previous to the second trial O’Blenis made a formal request on the plaintiff to appear as his counsel, apprehending that his non-appearance for him in court would injuriously affect his cause before the jury. The plaintiff refused to have any thing more to do with the cause : the only reason assigned by him, to the person sent by O’Blenis to make the request, was that he had not received his fee, and never expected to receive it. Accordingly he ceased to appear for O’Blenis, or to act for him as counsel on the second trial, or in the proceedings which resulted in his final discharge.
These facts present two questions: First, was the plaintiff justified in terminating his professional relations on the non-payment of the note? And second, can the plaintiff recover on the note against the defendants, who bound themselves as the securities of O’Blenis only ?
The plaintiff bound himself to give and continue his professional services to the accused, in consideration of his fee secured to be paid at a certain time by the signatures of the defendants. O’Blenis was bound to pay at a certain day, and they were bound that O’Blenis should pay as he was bound. The obligation was payable in bank; was made negotiable; and it is not easy to find ground on which O’Blenis could exact from the plaintiff the continuance of the performance of his part of the contract, when he himself and his sureties were at the time in total default as to the performance of theirs. O'Blenis, in June, 1846, was at large on bail, and in the full enjoyment of his property, and no excuse or reason is given for the non-payment of the notes; there was no offer to pay it. Under these circumstances, it seems clear that O’Blenis had no right under his contract to exact any further professional services .from the plaintiff.
The services of the plaintiff commenced with the arrest of O’Blenis on the charge of murder, in December, 1844. Being the only one of the counsel engaged for his defence who resided in the parish, it was with him principally that O’Blenis consulted during his confinement in prison. After the first trial, the plaintiff, with another of his counsel, obtained a writ of habeas corpus, which was returnable before the judge who resided in Iberville, and accompanied the prisoner to Iberville, where the argument was had on the application for a discharge on bail. It was attended with great difficulty, but was successful; and O’Blenis was released on bail in September, 1845, before the note fell due.
It appears that the services of the plaintiff were of the most efficient kind; that he was zealous and untiring in his efforts ; and that the sum of five hundred dollars is less than the compensation he would justly be entitled to for his professional labors, of which the accused had the benefit.
We perceive nothing in this case which absolves O’Blenis from the responsibility of paying the plaintiff as for time and labor in any ordinary contract. The charge that is made in the answer, that by the withdrawal of the plaintiff on the second trial, O’Blenis was obliged to employ other counsel, is not sustained by evidence. On the first trial, five gentleman, including the plaintiff, appeared as counsel for the prisoner. Subsequently, the prisoner was defended by three counsel. The plaintiff was in court attending to his ordinary business during *165 the last trials, in which he did not appear; but that the prisoner was injured thereby, rests purely in conjecture.
The value of the services rendered by the plaintiff in restoring O’Blenis to his liberty and saving his life, do not appear to have been contested. And they were all rendered before the note on which the defendants are securities fell due. The counsel in prison, his professional exertions on the first trial, and, subsequently, on thehabeas corpus at Iberville, were all before that period. The note then was justly due, and was short of the equivalent which the plaintiff could rightfully claim for his labor. There was nothing like a failure of the consideration before and at that time; and we have seen that there has been nothing since in the conduct of the plaintiff which impairs it. On the contrary, by the default of O’Blenis and the defendants, the plaintiff was released from all obligation of continuing his professional services; while there was a continued refusal on the part of O’Blenis and his securities to comply with their contract.
The judgment of the district court is therefore reversed; and it is ordered, that the plaintiff recover from the defendants in solido, the sum of five hundred dollars, with four dollars costs of protest, together with interest on said sum of five hundred dollars from the 4th January, 1846, and costs in both courts.