YOUNG, Respondent, v. LANZNAR, Appellant.

St. Louis Court of Appeals, June 30, 1908.

1. **ATTORNEY AND CLIENT: Abandoning Cause.** When an attorney is employed to conduct legal proceedings he enters upon an entire contract to conduct the proceeding to its termination; if his compensation is stipulated and he without just cause abandons the proceeding before it is terminated, he forfeits his right to payment for services rendered.

2. ———: ———: **Violation of Contract by Client.** If an attorney is employed without an agreement as to the amount of his fee, it is upon an implied understanding that he should receive what his services are reasonably worth, and if there is an agreement that he is to be paid from time to time as the service is rendered and his client fails to make such payments when requested, the attorney may quit the service of his client before the end of the litigation and sue for the value of the services rendered; it is proper in such case to submit the question of reasonable cause for withdrawal from the client's service to the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Dan'l D. Fisher,* Judge.

AFFIRMED.

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for appellant.

*Frank H. Haskins* for respondent.

(1) Plaintiff was entitled to withdraw from defendant's litigation not only because of the false representations which induced him to enter into the contract with reference to the first suit, but also on account of defendant's failure to pay plaintiff for his services in accordance with their original agreement.    Evans v. Bell, 6 Dana (Ky.) 479.    (2) The statement sent by plaintiff to defendant did not preclude him from recovering the reasonable value of his services.    Williams v. Glenny, 16 N. Y. 389; Nauman v. Zoerhlaut, 21 Wis. 466.

NORTONI, J.—The plaintiff, an attorney at law, instituted this suit as of *quantum meruit* against his former client, the defendant, to recover the reasonable value of services rendered in several suits at law and in equity pending in the courts of this State, and for the sum of $15 in cash which he had advanced to defendant at his instance and request.    Plaintiff recovered in the circuit court and the defendant prosecutes the appeal.

The causes of action relied upon are stated separately in seven separate counts contained in the petition. The first and second counts of the petition and the causes of action therein stated, were withdrawn from the jury, and will therefore not be further noticed here.    There is no complaint with respect to the recovery on the seventh count in the petition, which concerns only the item of $15 advanced by the plaintiff to the defendant at his instance and request.    All of the argument advanced for a reversal of the judgment pertain to the plaintiff's recovery on the third, fourth, fifth and sixth counts of the petition.    Those counts only, and the proceedings at the trial thereon, will be noticed in the opinion.

The defendant owned a note and deed of trust on certain real property in Kansas City, which, together with interest and accretions therein provided for, amounted to about $6,500. Default having been made in the payment thereof, he caused the property to be advertised for sale thereunder. The defendant had acquired the deed of trust by virtue of a trade with a citizen of Kansas City, who, upon the property being advertised for sale, instituted an injunction suit seeking to restrain the sale thereof on several grounds, among which was failure of consideration. The plaintiff in this suit devoted ten or fifteen days in preparing for the trial of the injunction suit at the defendant's request, attended court at Kansas City, and tried the cause. Upon the conclusion of the trial, the court announced from the bench that the case should be settled. It was not decided by the court. The parties, acting upon the suggestion of the court, settled the matter. The result was such that the present plaintiff obtained for his client, in cash, the entire amount due on the note and deed of trust. The cause of action stated in the third count of plaintiff's petition, pertains to and seeks to recover reasonable compensation for his services rendered to the defendant in the injunction suit mentioned.

About this time, a Kansas City man instituted a suit against the present defendant in which he sought to recover $40,000 damages against him for alleged slander. Plaintiff in the present action devoted a great deal of time in preparing a defense in that case, appeared in court at Kansas City at the instance and request of defendant, and participated in the trial of the cause, which lasted about two weeks. This trial resulted in a verdict for the defendant. The plaintiff in that case filed a motion for new trial therein, which was afterwards sustained by the court on the ground that the verdict was against the weight of the evidence, and this slander

suit was still pending at the time the present plaintiff
severed the relation of attorney and client which ex-
isted between him and the defendant and withdrew from
the case. The cause of action stated in the fourth count
of plaintiff's petition in this case arises out of his ser-
vices rendered to defendant in the slander suit men-
tioned.

About this time or shortly thereafter, the defendant
became involved in two separate suits, wherein two citi-
zens of Kansas City instituted separate actions against
him, seeking to recover $50,000 damages each, on account
of alleged malicious prosecutions instituted against them
by defendant. In these suits, the present plaintiff acted
as attorney for defendant, took depositions in the case
at the city of Little Rock, Arkansas, in St. Louis and
Kansas City, Missouri, and prepared several motions
and demurrers which he caused to be filed in the court
at Kansas City. The demurrers to the petitions were
sustained. He investigated the law on the subject, etc.,
and devoted some ten or fifteen days and portions of
the nights to preparing the cases for trial. They had
not been disposed of, however, at the time he withdrew
as defendant's attorney therefrom for the reason the de-
fendant refused to compensate him in accordance with
his alleged agreement thereabout. The fifth count in
the petition stated a cause of action arising out of the
services rendered to defendant as attorney in the two
cases for malicious prosecution mentioned.

About this time, the present defendant caused the
several Kansas City men mentioned to be indicted in the
city of St. Louis on the charge of obtaining a stock of
goods from him under and by means of false pretenses.
The plaintiff, his attorney, at the instance and request
of defendant, aided and assisted the circuit attorney of
the city of St. Louis in preparing and presenting the
criminal phases of the litigation mentioned and in draw-
ing the indictments thereunder. There was a large and

voluminous record containing the testimony in other litigation to digest in connection with these criminal matters, and the total time which the plaintiff consumed thereabout was a large portion of each of twenty days. The cause of action stated in the sixth count of the petition arises out of services rendered by plaintiff in and about these criminal prosecutions mentioned.

Aside from some evidence introduced by defendant in connection with the cross-examination as to a contract for fixed compensation, the evidence tends to prove that plaintiff was to charge the defendant, and the defendant agreed to pay the plaintiff, reasonable compensation for his services in and about the several matters mentioned. The amount of the fee was to be determined with reference to the amount of services rendered; that is, such an amount as the services were reasonably worth. The defendant agreed to pay the plaintiff on account from time to time as the litigation progressed. It appears the defendant did pay the plaintiff a small amount and, in keeping with the original agreement, about July, 1905, further agreed to pay him on account of his services theretofore rendered in the slander suit, the sum of $950; on account of the malicious prosecution suits, $50; on account of the injunction suit, $75; and on account of the criminal cases, $250; making a total of $1,325. These items were not to be in full for his services, but were the amount which the defendant agreed to pay the plaintiff on account within a few days or a few weeks thereafter. In the latter part of July, of that year, plaintiff received a draft payable to defendant for about $6,000 covering the amount due him, less some expenses deducted at Kansas City, on the note and deed of trust involved in the injunction suit above referred to. Upon committing this draft to defendant, he sought to persuade the defendant to pay him out of the fund thereby evidenced, the several amounts above given, in accordance with his agreement so to do. The defend-

ant insisted, however, that he owed an indebtedness to the Mercantile Trust Company and had immediate need of all the funds he could raise, and persuaded the plaintiff to forbear with him until about the 20th of August, and gave his promise to the effect that on or about that date, he would pay the plaintiff on account, the several amounts above stated. Plaintiff granted defendant's request, but defendant failed to comply with his promise. The record discloses that during the summer and fall months of that year, plaintiff continually urged the defendant to make him a payment on account, in accordance with the original contract of employment, which was in part to the effect that he was to pay plaintiff on account as the litigation progressed, and according to plaintiff's call upon him for money; the entire sum of the fee, however, to be reasonable compensation for the services rendered. Defendant continually postponed and declined payment for one reason and another. During the summer and autumn months, plaintiff notified defendant several times that unless he made a payment in accordance with his requests and the agreement, he would sever his connection with the litigation entirely, as he could not afford to devote so much time and labor without collecting a portion of his compensation at least. Finally, in December, and about six weeks before any of the cases were for trial, plaintiff formally notified the defendant that he would no longer forbear with him in that behalf but would thereupon sever his connection with the litigation and terminate the former relation of attorney and client which existed between them, withdraw from the several cases for the alleged reason that defendant had failed to comply with his contract respecting payments on account as the services progressed, and demanded that the defendant pay him a reasonable compensation for the services theretofore rendered. The defendant insisted that plaintiff was not justified in

withdrawing from the cases and declined to compensate him for the services theretofore rendered.

The court instructed the jury on each cause of action set up in the several counts of the petition separately, and in substance as follows: that if the jury believed from the evidence the defendant employed the plaintiff to represent him as attorney in the several suits mentioned and that the plaintiff did represent the defendant as attorney in such suits without an express agreement regarding the amount of compensation for his services or the time for paying the same, then the law would imply an agreement on the part of the defendant to pay the plaintiff reasonable compensation therefor. And the law will also imply an agreement on the part of the plaintiff to continue in charge of the several cases until their final determination, and that the compensation for such services would become due when the plaintiff had performed the services which he had agreed to perform in the particular case or cases. But if the jury found an express agreement had been entered into between the parties regarding the amount of compensation or the time when the same was to become due, or the services to be rendered, then the express agreement, if any, would govern regarding the amount of compensation and the time when the same is due, and the services to be rendered.

The court further instructed on each of the counts mentioned separately, substantially to the effect that if they found from the evidence the plaintiff was acting as attorney for the defendant in the several suits mentioned and before the termination of the several suits withdrew as attorney for defendant without reasonable cause, as defined in the instructions, and abandoned the cases, then the plaintiff could not recover on those counts pertaining to the case or cases from which he had withdrawn during their pendency. On the question of plaintiff's withdrawal from the cases pending at the

time he severed his relation with the defendant and the matter of reasonable cause for his withdrawal therefrom, the court directed the jury substantially as follows: that the plaintiff admitted he withdrew from the cases in which he was acting as defendant's attorney mentioned in the fourth, fifth and sixth counts of the amended petition before any of those cases were finally determined; that in such circumstances, in order to justify his withdrawal from those cases and to entitle him to recover reasonable compensation for services rendered in any one of such cases prior to the date of his withdrawal, the onus was on the plaintiff to satisfy the jury from the evidence that the defendant had agreed to pay him for his services from time to time as the case progressed, or at a time before the final determination of such case or cases, and before the plaintiff had so withdrawn therefrom; and if the defendant failed to satisfy the jury that such was the contract between the parties, then he was not justified in withdrawing from the case or cases. This instruction was most favorable to defendant, for if the plaintiff undertook to perform the services of an attorney at the defendant's request, out of which there arose only an implied contract for compensation, this carried with it an implied undertaking to pay reasonable amounts requested on account as the services progressed. The familiar proposition that the laborer is entitled to his hire obtains with respect to services rendered by an attorney at the instance and request of his client, identically as it does in like undertakings pertaining to other contracts of employment.

The principal argument advanced in this court for a reversal of the judgment is that the plaintiff is not entitled to recover at all on the fourth, fifth and sixth counts of the petition, and that the court erred in submitting matters arising on these counts to the jury for the reason the evidence shows the plaintiff withdrew from the cases therein mentioned before their final de-

termination.  There is no doubt that an attorney who is employed generally to conduct legal proceedings, enters into an entire contract to conduct the proceeding to its termination, he cannot abandon the services of his client without justifiable cause and only upon reasonable notice.  It is the rule, if the attorney's compensation is stipulated, and he, without just cause, abandons his client before the proceeding for which he was retained has been conducted to its termination, he forfeits his right to payment for services rendered.  If, on the other hand, the value of his services has not been agreed upon, but he is merely retained in the case upon an implied understanding that he shall receive what his services are reasonably and fairly worth, or if the agreement be that he is to have reasonable compensation for his services, to be paid from time to time as requested, as in this case, it is entirely proper for him to ask from time to time for advances with which to pay the expenses of the litigation and to apply upon account for his services.  And if the client unreasonably refuses to advance the money for such purposes in a reasonable amount during the progress of an extended litigation, sufficient cause may be furnished thereby to justify an attorney to withdraw from the services of his client.  And in such circumstances, it is entirely proper to submit the question of reasonable cause for his withdrawal from the litigation to the jury under proper instructions.  This seems to be the law as expounded by the soundest courts of the country.  For authority in point, see Pickard v. Pickard, 83 Hun (N. Y.) 338; 3 Amer and Eng. Ency. Law (2 Ed.), 429, 430.  For the same principle, see Cooley v. Dougherty, 5 La. 163.

In so far as plaintiff's services rendered in the injunction suit are concerned, that case was entirely disposed of and the defendant had collected the amount due on the note and deed of trust.  The evidence discloses that the plaintiff had rendered laborious and valuable

services in each of the other cases referred to and in accord with the most fundamental principles of natural justice alone, aside from the agreement to that effect, he was entitled to request and to have reasonable payments from the defendant on account thereof. There is no question about the evidence being amply sufficient to sustain the finding of the jury to the effect that he had reasonable cause for severing his connection with the cases. It appears that the defendant not only rendered valuable services evincing professional capacity and diligence, but that he was most indulgent with defendant as well, and the verdict affirming justifiable cause for quitting the employment and awarding him compensation for the reasonable value of his services theretofore rendered, was entirely proper.

We find no fault with the charge given by the learned judge to the jury. When read together, the case was well instructed.

An argument is directed against so much of plaintiff's instruction as directs the jury that in event an express agreement was entered into respecting plaintiff's compensation and when the same became due, then such express agreement would govern as to the amount of compensation and the time when it was due, etc. It is said so much of the instruction was error for the reason there was no evidence of an express agreement in the case. The instruction referred to was one giving the jury abstract propositions of law for their guidance, and the feature thereof now under consideration was no doubt incorporated to elucidate the duty of the jury with respect to certain evidence tending to prove an express contract for fixed compensation, sought to be developed by the learned counsel for defendant, with respect to some of the cases. It appears from a careful reading of the record that during the cross-examination of the plaintiff, defendant's counsel had him identify several contracts, receipts and papers which were introduced in

the case, tending to prove, and had they not been satis-
factorily explained to the jury, would no doubt have es-
tablished at least, that there was an express contract for
a fixed compensation with respect to the criminal cases
above referred to, and some other matters. In view of
this evidence, the court did not err in thus properly di-
recting the jury as to their duty in event they found an
express contract with respect to the plaintiff's compen-
sation.

Highly respectable members of the St. Louis and
Kansas City bar testified to the value of plaintiff's ser-
vices. The jury returned a verdict awarding him $1,465.
A remittitur was entered and judgment given thereafter
for $1,315.

That the plaintiff's case was meritorious, is evi-
denced by the unusual fact that the jury returned a ver-
dict for attorney's fees on two of the counts which the
trial court declined to approve entirely for the reason he
deemed the recovery on these counts excessive. The mo-
tion for new trial was overruled upon plaintiff entering
a slight remittitur on these counts. The learned trial
judge very carefully supervised this matter and upon a
careful consideration of the evidence, we are persuaded
the judgment as it now stands after remittitur entered,
is not excessive and it will therefore be affirmed. It is
so ordered, *Bland, P. J.,* and *Goode, J.,* concur.