WILLIAM G. BISSELL, Respondent, v. LOUIS ZORN, Appellant.

Kansas City Court of Appeals, January 14, 1907.

1. ATTORNEY AND CLIENT: Employment: Evidence. Evidence relating to the employment of an attorney is held sufficient to send the question of such employment to the jury; and a certain alleged improbability, while a ground for argument, is held not to conclude the plaintiff as a matter of law.

2. ———: ———: Contingent Fee: Knowledge: Instruction. Where an attorney is with the consent of the client employed by another attorney, the former is not bound by an unknown agreement existing between the latter attorney and the client that the fee should be contingent and it is proper to so instruct the jury.

3. ———: ———: Abandoning Case: Instruction. The fact that an attorney is prevented by a client from completing his services will not defeat his recovery for the services performed; and an instruction telling the jury that he had a right under the circumstances to abandon the contract, is approved.

4. ——: Performance: Instruction: Assumption.    An instruction is held not to assume the services but to submit the case on the fact of the services.

5. ——: Mistake as to Compensation: Quantum Meruit.    Where one is employed to do services in an erroneous belief that the employment includes a stipulation in regard to compensation such ill founded belief will not prevent him from recovering what his services are reasonably worth.

Appeal from Jackson Circuit Court.—*Hon. Edward P. Gates,* Judge.

AFFIRMED.

*T. A. Witten* for appellant.

(1) Instruction nine asked by defendant Zorn should have been given, because, even if the jury believed that Prince had made a contract for Zorn, that the latter should pay Bissell a thousand dollars, the contract was void because the testimony admitted that Prince had no other authority than that of an attorney, and, as such, had no authority to make a contract. Young v. Crawford, 23 Mo. App. 432; Kingsbury v. Joseph, 94 Mo. App. 298. (2) If Prince made a contract with Zorn to pay Bissell a thousand dollars, this contract could only become effective and binding upon Zorn if he knew all about its terms and so knowing accepted the services. Windsor v. Bank, 18 Mo. App. 675; Hyde v. Larkin, 35 Mo. App. 366; Stuenkle v. Railroad, 42 Mo. App. 76; Pitts v. Merc. Co., 75 Mo. App. 221; 1 Am. and Eng. Ency. of Law (2 Ed.), p. 1189.

*Fred W. Gifford, Paxton & Rose* and *Hughes & Whitsett* for respondent.

(1) Plaintiff's petition, instructions and evidence were based on the simplest of all theories, that of direct employment and liability, not on the employment of one

122 App—44

attorney by another or on ratification. (2) It appears that Mr. Bissell, after he had been through the trial of the case and had done much work, withdrew on being told by Mr. Prince and by Dr. Zorn himself that he was not to be paid anything, when he learned for the first time of the secret contract between Mr. Prince and Dr. Zorn that the fee was to be contingent. This quitting was under the circumstances permissible and proper, and does not bar his recovery; and it has been so held by this court. Gabriel v. Brick Co., 57 Mo. App. 526. (3) The whole burden of the argument of appellant's counsel is that if anybody hired Mr. Bissell, it was Mr. Prince, and if anybody is liable it is Prince not Zorn; but he himself, representing both defendants, wrote and got the lower court to give the following instruction: "The court instructs the jury that under the pleadings and evidence in this case, your verdict will be for the defendant Prince." He himself asked for a verdict in favor of Prince, and as Dr. Zorn's attorney adopted this theory, and now he cannot be permitted to turn about in this court and take the position that plaintiff's evidence shows that Mr. Prince employed him and represented to him falsely that he had a contract for a $2,000 fee when in fact he had a contract for $2,500 contingent, for in that event Prince himself would have been personally liable.

ELLISON, J.—The plaintiff brought this action against the defendant for an attorney's fee for assisting in the defense of defendant on a charge of murder. The judgment in the trial court was for the plaintiff.

The petition is not based on a contract for a specific sum. It alleges a contract of employment and it is sought therein to recover the reasonable value of the services alleged to have been rendered.

Defendant's original attorney was a Mr. Prince, and there was evidence tending to show that defendant authorized Prince to get some one to assist in his defense

and that plaintiff was selected. There is evidence which tends to show, and which must have been believed by the jury, that Prince introduced plaintiff to defendant with the statement that he (plaintiff) was the man which he (Prince) had selected to assist him and wanted to have employed in the defense, and that defendant said it was satisfactory, that "he would do so." There was also evidence tending to prove that at the beginning of the trial plaintiff stated to defendant that he found that Prince wanted to have direction or control of the case and reminded him that he (defendant) had employed both of them and that he was working for him and expected to be paid by him and requested to know if it was his wish that Prince have control, and that defendant replied that it was, and for plaintiff to do as Prince directed and, "You will get your money."

It seems to us that it would be doing violence to the record to say that it contains no evidence tending to prove that defendant employed the plaintiff, and we therefore rule that the trial court properly held that it was a case for the jury.

The greater part of defendant's argument is on the improbability of plaintiff's theory as presented for trial and on the fact that he brought his action by making Prince a co-defendant; but we have not found anything in the suggestions which is more than ground for argument. There is nothing in them which concludes the plaintiff as a matter of law.

Nor do we consider there was any error in the instructions given for the plaintiff. It appeared in portions of the evidence as a part of defendant's contention as to the employment of lawyers in his defense by a contract with Prince that they were to receive a contingent fee payable only if defendant was acquitted. Plaintiff testified that he was not aware of such contract until after he performed the service. The first instruction for plaintiff informed the jury that plaintiff was

not bound by such contract unless he knew of it before he performed the service. In the state of the evidence, it was right to have the jury understand that plaintiff was not bound by arrangements with Prince of which he was not advised.

It appears that plaintiff did not serve as counsel longer than the trial in the criminal court, and there was evidence tending to prove that he quit the service because defendant then claimed that he would only receive a fee contingent upon defendant's finally being discharged. The second instruction was to the effect that plaintiff had a right to abandon the service of defendant if such claim of defendant was unfounded, that is to say, was not the contract with plaintiff. That was a correct declaration of law. For if one employed to perform service for another is wrongfully prevented by the employer from completing the service, such failure to perform will not prevent the employee recovering at least for what he has done. [Gabriel v. Brick Co., 57 Mo. App. 520, 526.]

We do not think it can be fairly claimed, as contended by defendant, that that instruction assumed plaintiff had performed service. The entire face of the instruction shows that it was based, not upon an assumption, but upon the fact of service. It speaks of plaintiff's acts before the service was completed and of his right to quit the service.

The third and last instruction directed the jury to return a verdict for the value of plaintiff's services not exceeding one thousand dollars, if it was believed that he had been employed. The petition stated the value of the service to be twenty-five hundred dollars and asked judgment for that sum. But it appeared in evidence that plaintiff was under the impression from statements made to him by his counsel, Prince, that there was a written contract, which the latter had procured from defendant, wherein it was stipulated that

they were to receive two thousand dollars for their services. Plaintiff testified that one-half of that sum would have been due him. It thus appeared that he had valued his services as worth one thousand dollars. It turned out that plaintiff had been misinformed, and there was no such contract of employment. Though plaintiff may have been willing to contract to perform the services for one thousand dollars, it does not follow that he would be conclusively bound to so value his services if there was no contract for a certain amount. He would be entitled to whatever the services were reasonably worth. It is thus seen that whatever error there was in the instruction was against the plaintiff and hence defendant cannot complain. Where one is employed to do service for another in the erroneous belief that the employment includes a stipulation as to what he shall receive in payment for such service, such ill-founded belief on his part will not prevent him recovering what his services are reasonably worth. We are of the opinion that defendant has no cause of complaint against the instruction.

An examination of the entire record has convinced us that we have no authority to interfere with the judgment and it is accordingly affirmed. All concur.