EVERETT GOSNELL, BY HIS NEXT FRIEND, S. K. GOSNELL, v. HALCYONE PARKER HILLIARD, EXECUTRIX OF DR. WILLIAM D. HILLIARD, DECEASED.

(Filed 11 October, 1933.)

1. **Judgments K b: Attorney and Client C c—Defendant may move to set aside judgment for surprise where attorney has withdrawn without notice.**

An attorney generally employed to defend an action enters into an entire contract to follow the proceedings to their determination, and though he may withdraw from the case with the permission of the court

in proper instances, his client is entitled to such specific notice, either before or after the withdrawal, as will permit him to protect his rights, and where for the failure of such notice a judgment upon a verdict has been obtained against the client and he was without laches in moving to set it aside for surprise and excusable neglect upon a showing of a meritorious defense, it is correct for the trial judge to grant his motion. C. S., 600.

2. **Attorney and Client C c—Client's failure to pay proper fees upon reasonable demand is ground for withdrawal of attorney.**

While no rule of universal application has been formulated as to the facts and conditions which would justify an attorney generally employed in a case to withdraw from it with the permission of the court, it is generally held that the client's failure to pay or secure the payment of proper fees upon reasonable demand will justify the attorney in requesting permission of the court to withdraw.

3. **Judgments K b—Order in this case setting aside judgment held to have also set aside verdict upon which it was based.**

Both the verdict and the judgment based thereon may be set aside by the court in proper instances for surprise and excusable neglect since the enactment of Public Laws of 1892, chap. 81, and where it is declared that the judgment in an action be void and set aside and the case retained to be heard upon its merits, the latter clause of the order vacates the verdict.

APPEAL by plaintiff from *Alley, J.*, at April Term, 1933, of MADISON. On 4 January, 1928, the plaintiff brought suit against the Southern Railway Company, Biltmore Hospital, Incorporated, and Dr. William D. Hilliard, alleging that he had been injured by the negligence of the Southern Railway Company, that he had been put in charge of Dr. Hilliard, agent of the railway company, and injured by his malpractice, and that the hospital, also, was liable for the negligent manner in which he had been treated. Dr. Hilliard died testate on 15 August, 1928, and his executrix was afterwards made defendant.

The action came on for trial at October Term, 1931, of Madison County and was dismissed as to all the defendants. On appeal to the Supreme Court the judgment was affirmed as to the hospital and the railway company and was reversed as to the executrix of Dr. Hilliard. 202 N. C., 234. At April Term, 1932, of Madison County the plaintiff recovered judgment against the present defendant upon issues submitted to the jury when she was not in attendance upon the court and when she was not represented by counsel. On 27 September, 1932, she gave proper notice that she would move to set aside the judgment under C. S., 600 on the ground of excusable neglect. The motion was heard at April Term, 1933, by Judge Alley, who rendered the following judgment:

"This cause coming on to be heard, and being heard before his Honor, Felix E. Alley, judge presiding, and it appearing to the court,

and the court finds the facts to be, that, the defendant in the above entitled action, Halcyone Parker Hilliard, executrix of the estate of Dr. William D. Hilliard, has a good and meritorious defense to said cause; and it further appearing to the court that she was represented by counsel prior to the time of the taking of the judgment, to wit: at April Term, 1932; that prior to said time her counsel, Johnson, Smathers & Rollins, through J. Bat Smathers, of said firm, had advised her, the said Halcyone Parker Hilliard, executrix of the estate of Dr. William D. Hilliard, that it would be necessary for her to pay his firm some fees for their services performed and to be performed in connection with said cause; that upon receiving said notice by way of letter the said defendant, Halcyone Parker Hilliard, executrix of the estate of Dr. William D. Hilliard, called upon the said J. Bat Smathers, and in the conversation there was a general discussion in regard to a payment on fees, in which discussion the said Smathers advised the defendant that he would have to have some money; that the said defendant explained to the said Smathers that she had no funds, and had been assured by Mr. Rollins, a former partner of the said J. Bat Smathers, that the case would be properly taken care of, and that she (did) not give it any further thought; that in said conversation the said Smathers advised the defendant that the case would probably be on for trial at the next term of court, but did not state when the term would be held, or at what time the case would probably be tried; that the above is all that was said with regard to the payment of fees; that the said Halcyone Parker Hilliard, executrix of the estate of Dr. William D. Hilliard, had no further conversation with her attorney, and received no further advice from him as to when the case would be tried; that the said J. Bat Smathers is a reputable attorney, and a member of a reputable firm; that the said above entitled case was placed on the calendar for trial at April Term, 1932, but the defendant had no knowledge that same had been placed on the calendar, or that it would be tried at that term, nor did she know that said Smathers was going to withdraw as counsel, and not represent her at the trial of said case; that when the case was called for trial the said J. Bat Smathers requested that his firm be permitted to withdraw as counsel in said cause, due to the fact that he had not been paid the fees requested, and the permission requested was granted, and the said J. Bat Smathers, for his firm, withdrew as counsel in said cause for the defendant, whereupon the case, without the knowledge or any information on the part of the defendant, was immediately called for trial, and tried, and a verdict was returned by the jury in favor of the plaintiff and against the defendant for the sum of twenty-five hundred dollars ($2,500), and a judgment as appears in the record was entered, adjudging that the plaintiff have and recover of the de-

fendant, the said Halcyone Parker Hilliard, executrix of the estate of Dr. William D. Hilliard, the sum of twenty-five hundred dollars, ($2,500), and the costs.

That the said Halcyone Parker Hilliard, executrix of the estate of Dr. William D. Hilliard, at the time of the trial of said cause was the only defendant in said action, the other two defendants, to wit: Southern Railway Company and the Biltmore Hospital, having prior to that time been discharged and the action dismissed as to them.

The court further finds as a fact that the said Halcyone Parker Hilliard, executrix of the estate of Dr. William D. Hilliard, was guilty of no laches on her part, but was only guilty of such conduct as amounted to excusable neglect; that the said Halcyone Parker Hilliard, executrix of the estate of Dr. William D. Hilliard, as soon as she first discovered that a judgment had been taken against her, to wit: in August, 1932, took immediate and proper action to have the judgment set aside and canceled. The court finds as a fact that Asheville is a distance from Marshall 21 miles and there is a railroad, bus, telegraph and telephone service between said cities.

It is now, therefore, ordered, adjudged and decreed, on motion of Jones & Ward, attorneys for the defendant, that the judgment heretofore entered at the April Term, 1932, of this court in this cause be, and the same is hereby declared void and set aside, and this cause is retained to the end that the same may be heard upon its merits."

The plaintiff excepted and appealed to the Supreme Court.

*John A. Hendricks for plaintiff.*
*Ward & Jones for defendant.*

ADAMS, J. An attorney who is retained generally to conduct a legal proceeding enters into an entire contract to follow the proceeding to its termination, and hence cannot abandon the service of his client without sufficient cause and without giving proper notice of his purpose. *Branch v. Walker,* 92 N. C., 87; *Ladd v. Teague,* 126 N. C., 544; *Newkirk v. Stevens,* 152 N. C., 498; *United States v. Curry,* 6 How., 106, 12 L. Ed., 363; *Tenny v. Berger,* 93 N. Y., 524, 45 A. L. R., 263. Weeks states the rule as follows: "An attorney who undertakes the conduct of an action impliedly stipulates to carry it to its termination and is not at liberty to abandon it without reasonable cause and reasonable notice." Weeks on Attorneys at Law, sec. 255.

The dual relation sustained by an attorney imposes upon him a dual obligation—the one to his client, the other to the court. He is an officer of the court, *Waddell v. Aycock,* 195 N. C., 263, and can withdraw from a pending action in which he is retained only by leave of the court, *Branch v. Walker, supra, Ladd v. Teague, supra,* and only after having

given reasonable notice to his client. This Court has held that if an attorney wishes to withdraw from a case in which he has been employed he must inform his client of his intention, and that he cannot terminate the contractual relation between them without imparting such information. In an analogous case *Davis, J.,* remarked: "Needing counsel and having employed counsel she would not be thus left ignorant of the fact that she had none." *Gooch v. Peebles,* 105 N. C., 411.

No rule of universal application has been formulated with respect to facts or conditions which would justify an attorney in withdrawing from pending litigation; but it is generally held that the client's failure to pay or to secure the payment of proper fees upon reasonable demand will justify the attorney in refusing to proceed with the case. *Tenny v. Berger, supra; Eliot v. Lawton,* 7 Allen, 274, 83 A. D., 683; *Thomas v. Morrison,* 46 S. W., 46; *Bissell v. Zorn,* 99 S. W., 458; *Young v. Lanznar,* 112 S. W., 17; *Silver Peak Gold Min. Co. v. Harris,* 116 Fed., 439. In *Spector v. Greenstein,* 85 Pa. Sup. R., 177, it was held that while an attorney may sever his relation with a client who refuses to pay a fee, his withdrawal should not be allowed in the absence of the client, without notice to him, and without his having an opportunity to be heard.

The attorney who had previously represented the defendant is a reputable attorney and a member of a reputable firm. This finding is set out in the judgment. His fee was not paid and for this reason he withdrew from the case by leave of the court. The decisive question is whether the defendant was entitled to specific notice that her attorney would not represent her at the trial. It is held generally that she was entitled to such notice.

In their last conference the attorney told the defendant that she must "pay his firm some fees for their services performed and to be performed," that "he must have some money"—a remark of frequent repetition in these latter days; but this is all that was said in regard to the payment of fees. There is no finding of fact, indeed no pretense, that the defendant had definite notice of the attorney's intention to withdraw. She was informed that the case would probably be called for trial at the ensuing term of the court, but she did not know when the term would be held or when the case would be tried. It is found as a fact that she had no knowledge that the case had been listed on the calendar or that her attorney intended to retire as counsel. She was entitled either to specific notice in advance that her counsel would retire from the case or, after his withdrawal, that he had retired, and to a reasonable opportunity to obtain other professional assistance.

According to the judgment of the trial court, the defendant has a good and meritorious defense to the plaintiff's action; she acted promptly

upon discovery of the judgment against her; and without remissness or laches on her part she is entitled to the relief demanded. We concur in the judgment.

The appellant makes the point that the Superior Court merely declared the judgment void and left the verdict undisturbed. Formerly a judgment based on a verdict could not be set aside for excusable neglect, *Morrison v. McDonald,* 113 N. C., 327; but in 1893 the General Assembly amended the statute by inserting the word "verdict." P. L., 1893, chap. 81. Both the judgment and the verdict may now be vacated for excusable neglect. Accordingly, it was ordered that the judgment entered at April Term, 1932,. be declared void and set aside and .that the cause be retained "to the end that the same may be heard upon its merits." The latter clause vacates the verdict. Judgment

Affirmed.