■ WALTER H. DENNIS et al., Plaintiffs, v EDWIN A. YOUNG, Appellant, and LEVENE, GOULDIN & THOMPSON, Respondent. — Appeal from an order of the Supreme Court at Special Term (Ellison, J.) entered January 26, 1984 in Delaware County, which granted the motion of defense counsel to withdraw as defendant's attorney of record.

Special Term abused its discretion in granting the motion of Levene, Gouldin & Thompson to withdraw as defendant's attorney of record prior to a judicial determination of the insurer's right to disclaim liability or deny coverage. The order should, therefore, be reversed and the motion denied.

Shortly after this action was commenced, defendant forwarded a copy of the complaint to his insurer, which, by letter dated March 14, 1983, acknowledged receipt of defendant's claim and advised defendant that it would provide a defense pending its investigation into the question of coverage under the policy, but reserved its right to disclaim in the event its investigation revealed that the claim was not covered. The insurer referred the matter to the law firm of Levene, Gouldin & Thompson, which served an answer and a demand for a bill of particulars on behalf of defendant. In May, 1983, the insurer advised defendant that its investigation revealed a lack of coverage under the policy. The stated grounds for the disclaimer were that the damages were not incurred during the policy period and that the type of damages involved in the action were excluded under the terms of the policy. The insurer advised defendant to obtain substitute counsel. In October, 1983, Levene, Gouldin & Thompsom moved for an order permitting it to withdraw as defendant's attorney of record. Defendant opposed the motion through retained counsel. Special Term granted the motion.

The Court of Appeals has recognized that "a motion to withdraw as counsel is a poor vehicle to test an insurer's right to disclaim liability or deny coverage" (*Brothers v Burt,* 27 NY2d 905, 906). The court further noted that "such a devious and summary procedure" could be regarded "as inappropriate to determine issues of some complexity and not completely reachable on the motion" (*id.*). Although the insurer herein reserved its right to disclaim, counsel retained by the insurer has embarked upon a defense of defendant, which involves elections as to both procedural and substantive strategy. The validity of the insurer's subsequent disclaimer is far from clear cut. Rather, issues of some complexity must be resolved, and the appropriate vehicle to do so is a declaratory judgment action brought by the disclaiming insurer (*Monaghan v Meade,* 91 AD2d 1014, 1015). Authorizing withdrawal of counsel prior to a judicial determination of the issues raised by the insurer's disclaimer places upon defendant the double burden of commencing a declaratory judgment action to determine his rights under the policy and finding substitute counsel to continue his defense of the underlying action.

Based upon the foregoing factors, we conclude that Special Term abused its discretion by granting the motion of Levene, Gouldin & Thompson to withdraw as defendant's attorney. Rather, under the circumstances presented by this case, the motion should have been denied (see *Monaghan v Meade, supra; Presley v Williams,* 57 AD2d 947).

Order reversed, on the law and the facts, with costs, and motion denied. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.