OPINION OF THE COURT
Stanley L. Sklar, J.
The issue raised on the application of plaintiffs’ counsel for *336 leave to withdraw in this medical malpractice case is whether they may withdraw at a late date, after discovery, after the case has been calendared, and after a medical malpractice panel hearing has been held, when counsel has determined that they cannot secure the services of an expert witness to testify at trial. Leave to withdraw is granted.
FACTS
Plaintiffs originally retained one law firm to prosecute the claim of the then infant plaintiff, and her father’s derivative claim. Ms. Cohen, who has now reached majority, states that her present counsel took over this case more than 10 years ago. Although they viewed the liability aspect of the case as difficult, they processed the case.
Counsel for defendants authorized me to receive an affidavit from a member of plaintiffs’ counsel’s firm, without their having received a copy, so that the history of the action from the viewpoint of plaintiffs’ counsel could be confidentially detailed, including their efforts to secure the services of the needed medical expert to testify that the defendants had deviated from good and accepted medical practice. That affidavit reveals that they reviewed this matter with four orthopedic specialists, all of whom refused to testify on plaintiffs’ behalf. Their reports, one as amplified by a telephone conversation with the physician, make clear that the doctors do not believe that there was any deviation from good and accepted medical practice, one doctor stating that Ms. Cohen is lucky to be walking. Two of those reports are in writing and are attached to counsel’s affidavit.
All counsel are agreed that the depositions in this case consume about 500 pages of transcript — a substantial effort, both during the depositions and in preparation for them.
One of the moving affidavits states that plaintiffs were advised of this difficulty a long time ago. The case card notes discussion of this problem last summer. In addition, the instant application was brought on in early October 1986, and has been adjourned to give plaintiffs a chance to themselves secure the services of an expert and also to secure prospective new counsel. Plaintiffs have not been successful in either endeavor.
DISCUSSION
Plaintiffs’ counsel cannot go forward since they cannot *337 establish a prima facie case for plaintiffs at trial. They are ethically barred from starting the trial. (See, Code of Professional Responsibility EC 7-4, 7-5.)
This case, accordingly, differs from those in which there is a difference of opinion between counsel and a plaintiff as to the merits of the claim, or from cases in which counsel might feel that the amount of potential recovery does not warrant the effort of a trial. In such cases, depending upon the circumstances, the obligation undertaken by counsel in accepting a retainer might require counsel to proceed to trial especially when, as here, counsel wishes to withdraw shortly before trial. (Cf., e.g., Schwartz v Jones, 58 Misc 2d 998; Suffolk Roadways v Minuse, 56 Misc 2d 6.) However, the unanimity of expert opinion obtained by counsel in this case bars them from ethically proceeding further and justifies withdrawal. (Cf., Rindner v Cannon Mills, 127 Misc 2d 604.)
The affidavits submitted by plaintiffs’ counsel on this application are sealed.