DAN LAMB, GILBERT MILLER, AND WIFE, MAE MILLER v. CHELSIE GROCE, PAUL GROCE, AND RANDY GROCE

No. 8823DC1378

(Filed 15 August 1989)

Attorneys at Law § 6— withdrawal from case—withdrawal for nonpayment—sufficient notice—denial of continuance discretionary

The trial court did not err in allowing defendants' attorney to withdraw where defendants had two weeks notice that the attorney would not represent them at trial if he was not paid; furthermore, it was within the trial court's discretion to grant or deny defendants' motion for continuance made when their attorney was allowed to withdraw on the day the case was called for trial.

LAMB v. GROCE

[95 N.C. App. 220 (1989)]

APPEAL by defendants from *Helms (Michael E.), Judge.* Judgment entered 22 July 1988 in District Court, WILKES County. Heard in the Court of Appeals 9 June 1989.

Plaintiffs filed this action on 30 July 1987 seeking double damages from defendants for trespass and unlawful cutting of timber pursuant to G.S. 1-539.1. Plaintiffs and defendants then obtained professional surveys of the property in question, but defendants' survey was not to their satisfaction. The matter was continued at least three times in order for defendants to obtain another survey. On 6 May 1988, Judge Edgar B. Gregory entered an order requiring the parties to submit plats to the court on or before 30 June 1988 and to be ready for trial at the July 1988 session of Wilkes County District Court.

On 20 July 1988, the matter came on for hearing before Judge Helms. Defendants' counsel, Mike Correll, made another motion to continue based on the lack of a survey, and the court denied the motion. Correll then moved to withdraw as attorney of record for defendants. He based his motion on defendants' failure to pay him, and he stated that he had given two weeks' notice to defendants that he could not represent them if not paid. The court granted the motion and Correll was allowed to withdraw. Defendants' subsequent motion for a continuance was denied.

Following the presentation of evidence, the jury found for plaintiffs and the court entered a judgment awarding them $4,000.00 pursuant to G.S. 1-539.1. Defendants appeal.

*Max F. Ferree for plaintiff-appellees.*

*Robert P. Laney for defendant-appellants.*

ORR, Judge.

Defendants assign as error the trial court's granting of Correll's motion to withdraw and its refusal to allow a continuance so that defendants could obtain substitute counsel.

An attorney may withdraw from an action after making an appearance if there is (1) justifiable cause, (2) reasonable notice to his clients, and (3) permission of the court. *Smith v. Bryant,* 264 N.C. 208, 141 S.E.2d 303 (1965); *Williams and Michael v. Kennamer,* 71 N.C. App. 215, 321 S.E.2d 514 (1984). Generally, clients' failure to pay or secure payment of proper fees upon reasonable

LAMB v. GROCE

[95 N.C. App. 220 (1989)]

demand is justifiable cause for an attorney's withdrawal. *Smith, supra; Gosnell v. Hilliard*, 205 N.C. 297, 171 S.E. 52 (1933). Prior notice which is specific and reasonable is also required. *Williams and Michael, supra.* In this case, defendants had two weeks notice that Correll could not represent them at trial without payment. We therefore hold the requirements for withdrawal were fully met and the trial court did not err in allowing defendants' attorney to withdraw.

As for the trial court's refusal to grant a continuance, the general rule is that "an attorney's withdrawal on the eve of the trial of a civil case is not *ipso facto* grounds for a continuance." *Shankle v. Shankle*, 289 N.C. 473, 484, 223 S.E.2d 380, 387 (1976). Such a decision is instead within the trial court's discretion. *Id.* This rule presupposes that the attorney has given sufficient prior notice of his intent to withdraw. *Williams and Michael, supra.* If not, the trial court must either grant a reasonable continuance or deny the attorney's motion to withdraw. *Id.* In this case, sufficient notice of Correll's intent to withdraw was given; therefore, the trial court had discretion to grant or deny a motion for a continuance. We hold the trial court did not abuse its discretion in this case. Defendants' arguments are without merit.

For these reasons, in the District Court we find no error.

No error.

Judges JOHNSON and EAGLES concur.