■ CAROL LeMIN, Respondent, v CENTRAL SUFFOLK HOSPI-TAL et al., Defendants, and PEGALIS & WACHSMAN, P. C., Nonparty Appellant.—In an action to recover damages for medical malpractice, Pegalis & Wachsman, P.C., appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.) dated April 26, 1989, as, upon reargument, adhered to the original determination denying its motion for leave to withdraw as attorney for the plaintiff.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The order to show cause by which the appellant, the plaintiff's counsel, moved for "renewal and reargument" of a prior motion for leave to withdraw (see, CPLR 321 [b] [2]) contained no provision for service on and notice to the plaintiff (but see, CPLR 321 [b] [2]). The later application was supported by the affidavit of a medical expert which was evidently submitted in camera to the Supreme Court yet disclosed to defense counsel via the record on appeal (but see, Cohen v Tzimas, 135 Misc 2d 335; Rindner v Cannon Mills, 127 Misc 2d 604, n).

Inasmuch as the plaintiff, who was directed to be served with, and who then opposed, the original application, did not appear on the second application, and inasmuch as there is no proof in the record of service upon her of the papers supporting the later motion, we affirm that branch of the Supreme Court's order adhering to the prior denial of leave to withdraw from which counsel appeals. We note, moreover, that the affidavit of the medical expert on which the appellant presently relies to support the contention that it cannot ethically proceed with the case (see, Code of Professional Responsibility DR 2-110 [C] [1] [a]; see also, Code of Professional Responsibility DR 7-102 [A] [2]) does not address the propriety of some of the medical treatment specifically complained of by the amended complaint and to which the plaintiff pointed when she opposed counsel's original application. Thus, in any event, we are not persuaded that withdrawal of counsel would be justified (see, Cohen v Tzimas, supra; Isser v Berg, 38 Misc 2d 957; Mambrino v State of New York, 30 Misc 2d 990; cf., Wells v Community Hosp., 120 AD2d 584). Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.