STATE of Missouri, ex rel., Daniel E. WILKE, and Brinker, Doyen, Kovacs & Wilke, P.C., Relators,

v.

Honorable Fred RUSH, Respondent.

No. 60222.

Missouri Court of Appeals, Eastern District.

Aug. 27, 1991.

Brinker, Doyen, Kovacs & Wilke, P.C., Mary M. Stewart, Clayton, for relators.

John C. Maxwell, St. Charles, for respondent.

KAROHL, Judge.

Relators, Daniel E. Wilke and Brinker, Doyen, Kovacs, & Wilke P.C., seek a writ prohibiting respondent, a judge of the Circuit Court of St. Charles County, from requiring relators to continue representing defendant, Bruce Raymond Morris, in the case of *Margaret Ann Morris, a minor, by her Guardian, Linda Jean Vandiver v. Bruce Raymond Morris*, Cause No.

CV189–6273–CC. Before relators filed a motion to withdraw, defendant Morris was and continues to be represented by an attorney of his choice, John C. Maxwell, in defense of the damage suit. The issue presented is whether the court abused its discretion when it denied relators leave to withdraw as attorneys of record for defendant in cause No. CV189–6273–CC pursuant to Rule 1.16(b) of Civil Rule 4. We find and hold orders denying leave to withdraw were an abuse of discretion. The preliminary writ is made absolute.

The underlying action is one for wrongful death. On November 16, 1989, plaintiff filed a petition against defendant, her father, in negligence for the death of her mother, defendant's wife. Defendant retained Attorney John C. Maxwell to defend him. In April 1990, State Farm Fire and Casualty Company retained relators to represent defendant. Attorney Maxwell continued to represent defendant after relators entered their appearance.

On August 27, 1990, State Farm notified relators it did not insure defendant for the underlying action and hence, would no longer pay relators to represent defendant. Relators filed a motion to withdraw from the cause on August 29, 1990. Their motion alleged:

1. [Relators] were retained to represent Bruce Raymond Morris, the defendant herein, by State Farm Fire & Casualty Company, an insurance company.

2. On August 27, 1990, [relators] received notification from State Farm that State Farm denied coverage to Bruce Raymond Morris for the occurrence described in Plaintiffs' [sic] Petition filed herein.

3. [Relators] will no longer be compensated for their services by State Farm, and no separate arrangements have been made with Defendant who is represented already in this matter by John Maxwell, who maintains an office in this county and who is well known to the Bar Association generally and this court.

4. Insofar as Defendant is represented by personal counsel, and there is no arrangement existing for the payment of

fees for movants, [relators] humbly request the court for leave to withdraw from this matter.

Through Attorney Maxwell, defendant opposed relators' motion to withdraw. After a hearing, the Honorable Lester Duggan denied the motion on September 14, 1990, because relators entered an appearance on behalf of defendant and defendant objected to the proposed withdrawal.

On November 5, 1990, relators filed a motion for "rehearing." Therein they alleged the following additional facts:

8. On or about September 17, 1990, [relators] sent a letter (a copy of which is attached hereto as Exhibit A) to Defendant Morris informing him that: (1) the Motion to Withdraw had been denied; (2) State Farm was no longer paying for his defense; (3) a retainer was required within thirty days if he desired to retain [relators] to defend him in this lawsuit; and (4) he would incur any additional litigation costs arising from the defense of the lawsuit.

9. In a letter dated September 28, 1990, ... State Farm Fire & Casualty Company through its Claim Superintendent, David A. Stein, confirmed that State Farm Fire & Casualty Company would not pay [Relators'] fees for any further defense of Defendant Morris.

10. Rule 1.16(b) of Missouri Supreme Court Rule 4 provides that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if: (5) the representation will result in an unreasonable financial burden on the lawyer...."

11. Defendant Morris is represented by personal counsel, therefore [Relators'] withdrawal from this case can be accomplished without material adverse effect on Defendant Morris' interests.

12. Defendant Morris has wholly failed to fulfill the obligation of retaining [Relators] to represent him in this matter, even though he was given thirty days' notice that [Relators] would pursue their efforts to withdraw unless Defen-

dant Morris submitted a retainer to [Relators].

13. Defendant Morris has not retained [Relators], and [Relators] are not otherwise being paid for their defense of Defendant Morris. Requiring [Relators] to continue representing Defendant Morris in this case will result in an unreasonable financial burden on [Relators].

By court order dated January 11, 1991, the Honorable Fred Rush denied relators' motion for rehearing.[1] Judge Duggan was no longer sitting in the Circuit Court of St. Charles County. We issued a provisional writ to determine whether respondent Judge Rush abused his discretion in following the prior ruling of Judge Duggan in a case where defendant was separately represented by counsel of his own choosing and whether the subsequent development of nonpayment of a retainer fee constituted good cause to withdraw.

Relators allege in their petition for this writ that respondent Judge Rush abused his discretion in refusing to permit relators to withdraw because: (1) defendant is also represented by his personal attorney; (2) withdrawal can be accomplished without material adverse effect on defendant's interest; and (3) after Judge Duggan denied leave to withdraw, relators requested a fee arrangement with defendant who has refused to respond.

Respondent is represented by Attorney John C. Maxwell in opposing relators' request for writ relief. Respondent answered the petition by admitting the factual matters previously discussed and asserted "by way of affirmative defense" that he did not hear the motion for rehearing. Respondent filed an affidavit in support of that defense. The affidavit asserts, "No hearing was held at the time of the presentation of Relators' Motion for Rehearing on January 11, 1991 as it is, and was on January 11, 1991, the policy of the undersigned not to reconsider the prior rulings of other Circuit Judges." However, a copy of a memorandum prepared by counsel for relators and defendant was entered on January 11, 1991, which reads: "Motion of Daniel

E. Wilke and Brinker, Doyen & Kovacs, P.C. for Rehearing called and denied." We find this "affirmative defense" inconsequential. With or without a formal hearing, the motion for rehearing was "called and denied."

Rule 1.16(b) of Civil Rule 4 permits a lawyer to withdraw from representation if withdrawal can be accomplished without adversely affecting the interests of a client. The record before us does not contain any factual basis to support a finding defendant's interests would be adversely effected if relators were permitted to withdraw. Defendant hired an attorney of his own choice before relators entered their appearance. Attorney Maxwell continues to represent defendant in defense of the damage suit and is representing respondent in this proceeding. As a licensed attorney and member of the Missouri Bar, we presume the competency of Attorney Maxwell. There is no factual issue that he is not fully competent to handle the defense of the civil suit for which he was hired by defendant. Accordingly, there is no evidence to support a finding relators' withdrawal cannot be accomplished without material adverse effect to defendant.

Relators are eligible to withdraw unless ordered by the court to "continue representation notwithstanding good cause for terminating the representation." Rule 1.16(c) of Civil Rule 4. Respondent denied leave to withdraw. He did not order relators to continue representation. We find there is no "logic in the circumstances" to deny leave to withdraw on the present facts, thus, the ruling on relators' motion is arbitrary, unreasonable and an abuse of discretion. *State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 804 (Mo. banc 1988). The existing ruling has the effect of requiring relators to work without compensation where defendant has an attorney of his own.

Relators' amended motion alleges defendant did not respond to their request for a retainer fee. They requested the fee after Judge Duggan denied leave to withdraw. Relators refiled their motion restating that

---

1. The parties disagree as to whether the order was entered after or without a hearing.

defendant was separately represented by counsel of his choice and adding an allegation not presented to and not considered by Judge Duggan, the failure of defendant to arrange payment of a reasonable attorney's fees. Such conduct may violate an obligation owed relators and authorize withdrawal. Rule 1.16(b)(4) of Civil Rule 4.

Relators' remedy is an extraordinary writ. An appeal from the order denying leave to withdraw is not available to relators, who are not parties to the civil suit, and the order is not a final appealable order. Relators have a pre-existing legal right to withdraw as provided by Rule 1.16 of Civil Rule 4 and have brought this proceeding to enforce this right. *State ex rel. Power Process v. Dalton,* 681 S.W.2d 514, 516 (Mo.App.1984). The form of the writ, prohibition or mandamus, is not substantively important. The petition is addressed to prohibition but the relief is a mandate that the court grant leave to withdraw. *St. Louis Little Rock Hospital, Inc. v. Gaertner,* 682 S.W.2d 146, 148 (Mo.App.1984).

We direct respondent to vacate the orders of September 14, 1990, and January 11, 1991, and grant relators leave to withdraw as attorneys of record for defendant in the case of *Margaret Ann Morris, a minor, by her Guardian, Linda Jean Vandiver v. Bruce Raymond Morris,* Cause No. CV189–6273–CC.

CRANE, P.J., and SMITH, J., concur.

