Annette Elseth, Paul Gallogly, Providence, for plaintiff.

V. James Santaniello, Manning, West & Santaniello, Providence, Donald Gregory, II, North Kingstown, for defendants.

## Maria SILVA

v.

## PERKINS MACHINE CO. et al.

### No. 92–164–Appeal.

Supreme Court of Rhode Island.

March 18, 1993.

## OPINION

PER CURIAM.

This case came before this court for oral argument on March 1, 1993, pursuant to an order directed to the plaintiff, Maria Silva, to appear and show cause why we should not summarily sustain the appeal of V. James Santaniello, the attorney for the defendant, Perkins Machine Co. (Perkins). After hearing the arguments and reviewing the memoranda of counsel, we believe the plaintiff failed to show cause.

The facts in this case are as follows. Perkins engaged the services of Attorney V. James Santaniello (Santaniello) to defend the company in a product-liability action. Shortly after the commencement of the action and after Santaniello had conducted $1,500's worth of legal services,

Santaniello learned that his client, Perkins, was insolvent and could not pay for his services. Santaniello then filed a motion to withdraw as attorney for Perkins, and the president of Perkins consented in writing to Santaniello's withdrawal. A Superior Court justice denied Santaniello's motion to withdraw. Santaniello filed a motion for reconsideration, and a second Superior Court justice denied his motion to withdraw.

As a threshold matter, plaintiff argues that the denial of a motion to withdraw is an interlocutory order and therefore not directly appealable to this court. We disagree. In *Bendick v. Picillo*, 525 A.2d 1310, 1313 (R.I.1987), this court stated:

> "[T]he court will review an order or decree which, although in the strict sense interlocutory, possesses such an element of finality that action is called for before the case is finally terminated in order to prevent clearly imminent and irreparable harm."

In this case Santaniello already is owed $1,500 on a case that has not even proceeded to trial. To require Santaniello to continue with the case until its conclusion before he could appeal the denial of his motion to withdraw would result in tremendous hardship for this attorney. We believe that the order denying Santaniello's motion to withdraw possesses the requisite degree of finality and that we should review this order immediately to avoid imminent hardship to the attorney.

We also believe the Superior Court justices who reviewed this motion abused their discretion in denying Santaniello's motion to withdraw. We have stated:

> "In a civil action at a noncritical stage of the proceedings, a corporation that wants to litigate and prosecute its action cannot do so at the expense of the law firm representing it. Imposing such a financial burden on the law firm to maintain continued representation is improper." *Town of North Smithfield v. Susan Marie Builders, Inc.*, 599 A.2d 319, 320 (R.I.1991).

This case is clearly in the noncritical stage—the case has not yet proceeded beyond discovery. To require Santaniello to finance the costs of Perkins' litigation would impose an unfair financial burden on the attorney. Accordingly we believe the Superior Court justices should have granted Santaniello's motion to withdraw.

We sustain the appeal of Santaniello and reverse the judgment of the Superior Court.