[No. 16119-2-II.   Division Two.   June 13, 1995.]

BEVERLY JENNIFER ANN KINGDOM *and* ROBERT M. KINGDOM, *individually, and as husband and wife, Respondents*, v. DR. STANLEY M. JACKSON, ET AL., *Defendants*, PAUL N. LUVERA, JR., ET AL., *Appellants*.

---

*Paul Luvera, Jr.*, pro se.
*Beverly Kingdom* and *Robert Kingdom,* pro se.

MORGAN, J. — Attorney Paul N. Luvera, Jr.[1] obtained discretionary review of the trial court's denial of his motion to withdraw as counsel for plaintiff Beverly Jennifer Ann Kingdom. We reverse.

On March 21, 1989, a doctor performed surgery on Kingdom. Soon thereafter, Kingdom acquired an infection that allegedly left her with tissue loss and scarring.

Kingdom asked Luvera to represent her. He agreed, and they entered into a written agreement stating in part:

7. *Withdrawal*: The attorney reserves the right at attorney's

---

[1] A copetitioner is Susan Cook, an attorney formerly in Luvera's firm. Many of the actions described herein were actually taken by her. For convenience, however, we refer only to him.

sole discretion to terminate the attorney-client relationship at any time. Should the attorney elect to terminate that relationship, the attorney shall be reimbursed for all costs advanced and shall be paid a reasonable fee for services rendered to that date.

Luvera contacted a forensic surgeon who gave a preliminary opinion of negligence. Thus, on April 20, 1990, Luvera filed a medical malpractice action on Kingdom's behalf. Trial was set for October 19, 1992.

Luvera and opposing counsel conducted discovery in late 1990 and early 1991. Then, by letter dated May 16, 1991, Luvera notified Kingdom that he no longer desired to pursue the case. He wrote, "It is our recommendation at this point that you find another attorney to assume responsibility for the case". He offered assistance in finding substitute counsel, and he referred the file to several other attorneys for evaluation. None would take the case.

Eight months later, the matter of Kingdom's representation remained unresolved. Thus, on February 4, 1992, Luvera sent a notice of withdrawal to the court and both parties. Kingdom filed an objection, and Luvera moved for an order permitting withdrawal. On April 10, 1992, the trial court ruled it would grant such an order—but only "upon substitution of counsel for plaintiff".[2]

Luvera moved for reconsideration, which the trial court denied on June 5, 1992. The trial court stated:

> I can't leave her pro se, and I can't expose her to a motion to dismiss because she is pro se. . . . [I]f she [had] another attorney to represent her, that would be another thing.[3]

Luvera then sought discretionary review, which was granted by a commissioner of this court.

CR 71 deals with the withdrawal of counsel. It differentiates between court-appointed counsel and retained counsel. CR 71(b), (c). Here, we are concerned only with retained counsel in a civil case.

---

[2]Clerk's Papers, at 20.

[3]Report of Proceedings, at 21

CR 71(c) provides that retained counsel in a civil case may withdraw in the following manner:

(1) *Notice of Intent To Withdraw.* The attorney shall file and serve a Notice of Intent To Withdraw on all other parties in the proceeding. The notice shall specify a date when the attorney intends to withdraw, which date shall be at least 10 days after the service of the Notice of Intent To Withdraw. The notice shall include a statement that the withdrawal shall be effective without order of court unless an objection to the withdrawal is served upon the withdrawing attorney prior to the date set forth in the notice. If notice is given before trial, the notice shall include the date set for trial. The notice shall include the names and last known addresses of the persons represented by the withdrawing attorney, unless disclosure of the address would violate the Rules of Professional Conduct, in which case the address may be omitted. If the address is omitted, the notice must contain a statement that after the attorney withdraws, and so long as the address of the withdrawing attorney's client remains undisclosed and no new attorney is substituted, the client may be served by leaving papers with the clerk of the court pursuant to rule 5(b)(1).

(2) *Service on Client.* Prior to service on other parties, the Notice of Intent To Withdraw shall be served on the persons represented by the withdrawing attorney or sent to them by certified mail, postage prepaid, to their last known mailing addresses. Proof of service or mailing shall be filed, except that the address of the withdrawing attorney's client may be omitted under circumstances defined by subsection (c)(1) of this rule.

(3) *Withdrawal Without Objection.* The withdrawal shall be effective, without order of court and without the service and filing of any additional papers, on the date designated in the Notice of Intent To Withdraw, unless a written objection to the withdrawal is served by a party on the withdrawing attorney prior to the date specified as the day of withdrawal in the Notice of Intent To Withdraw.

(4) *Effect of Objection.* If a timely written objection is served, withdrawal may be obtained only by order of the court.

■ Nothing in CR 71 "defines the circumstances under which a withdrawal might be denied by the court". CR

71(a). Nor is there a Washington case on point. Thus, we look to cases from other jurisdictions.

■ ■ Withdrawal is a matter addressed to the discretion of the trial court. *Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 422 (D.N.J. 1993); *United States v. Cannistraro*, 799 F. Supp. 410, 419 (D.N.J. 1992); *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987). An appellate court will reverse only for abuse of discretion. *Silva v. Perkins Mach. Co.*, 622 A.2d 443, 444 (R.I. 1993); *State ex rel. Wilke v. Rush*, 814 S.W.2d 687, 689 (Mo. App. 1991); *Lamb v. Groce*, 95 N.C. App. 220, 222, 382 S.E.2d 234, 236 (1989).

In exercising its discretion, a trial court should consider all pertinent factors. Some are listed in Rules of Professional Conduct 1.15.[4] Others are found in case law. They include whether withdrawal will delay trial or otherwise interfere with the functioning of the court, *Mervan v. Dar-*

---

[4]RPC 1.15 provides:

"(a) Except as stated in section (c), a lawyer shall not represent a client or, where representation has commenced, shall, notwithstanding RCW 2.44.040, withdraw from the representation of a client if:

"(1) The representation will result in violation of the Rules of Professional Conduct or other law;

"(2) The lawyer's physical or mental condition materially impairs his ability to represent the client; or

"(3) The lawyer is discharged.

"(b) Except as stated in section (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

"(1) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

"(2) The client has used the lawyer's services to perpetrate a crime or fraud;

"(3) The client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

"(4) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

"(5) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

"(6) Other good cause for withdrawal exists.

*rell*, No. CIV.A.93-4552, 1994 WL 327626, at *2 (E.D. Pa., Jul. 8, 1994); *American Packaging Corp. v. Tommy Lasorda Foods, Inc.*, No. CIV.A. No. 88-1130, 1988 WL 130672 at *2 (E.D. Pa., Dec. 5, 1988); *Fisher v. State*, 248 So.2d 479, 486 (Fla. 1971), whether the client has had or will have an opportunity to secure substitute counsel, *Haines*, 814 F. Supp. at 425; *Discovery Sys., Inc. v. Chanotte, Inc.*, No. 88 CIV. 2872 (CSH), 1991 WL 130941, at *2 (S.D.N.Y., Jul. 10, 1991), whether the client has sufficient prior notice of the lawyer's intent to withdraw, *Lamb*, 382 S.E.2d at 236, whether the client lacks the ability to prove a prima facie case, *Cohen v. Tzimas*, 135 Misc.2d 335, 336-37, 515 N.Y.S.2d 173, 174 (N.Y. Sup. Ct. 1987); *Rindner v. Cannon Mills, Inc.*, 127 Misc.2d 604, 606, 486 N.Y.S.2d 858, 860 (N.Y. Sup. Ct. 1985), whether the client has failed to pay the lawyer's fees, *In re Meyers*, 120 B.R. 751, 753 (Bankr. S.D.N.Y. 1990); *Max-um Fin. Holding Corp. v. Moya Overview, Inc.*, CIV.A. No. 88-6345, 1990 WL 136380, at *2 (E.D. Pa. Sept. 19, 1990), whether the client has failed to cooperate with the lawyer, *Kolacek v. Gemexco Trading Inc.*, No. 90 CIV. 5760 (JMC), 1992 WL 14991, at *1, (S.D.N.Y., Jan. 23, 1992); *Hammond v. T.J. Little & Co.*, 809 F. Supp. 156, (D. Mass. 1992); *Kohler Co. v. Weiss*, No. 90 CIV. 3188 (JMC), 1991 WL 196224, at *1 (S.D.N.Y., Sept. 25, 1991); *Farberware, Inc. v. International Mach. Corp*, No. 89 CIV. 6240 (PKL), 1990 WL 108397, at *1 (S.D.N.Y., Jul. 20, 1990), whether a denial of withdrawal will cast an unfair financial burden on the attorney, *Portsmouth Redev. & Housing Auth. v. BMI Apartments Assocs.*, 851 F. Supp. 775, 786 (E.D. Va. 1994); *Silva*, 622 A.2d, at 444; *Smith v. R.J. Reynolds Tobacco Co.*, 267 N.J. Super. 62, 630 A.2d 820, 831 (1993),

---

"(c) When ordered to do so by a tribunal, a lawyer shall continue representation not withstanding good cause for terminating the representation.

"(d) A lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law."

whether the lawyer is unable to find or communicate with the client, *Tower Factory Outlet v. Textilimpex-Tricot*, No. 84-CV-320, 1994 WL 411528 (N.D.N.Y., Aug. 2, 1994), and whether there is any other prejudice to the client or lawyer. *Gibbs v. Lappies*, 828 F. Supp. 6 (D.N.H. 1993) (withdrawal would prejudice client because it would delay resolution of the case).

■ When withdrawal is sought by a retained attorney in a civil case, it generally should be allowed. The attorney-client relationship is consensual, and either side's desire to quit it should be given great weight. Thus, in *Fisher*, 248 So.2d at 486, the Florida Supreme Court said:

> We hold that in a civil case any attorney of record has the right to terminate the attorney-client relationship and to withdraw as an attorney of record upon due notice to his client and approval by the court. Approval by the court should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court. The approval of the court of such withdrawal will not relieve the attorney of any civil liability for breach of duty or negligence to his client nor from appropriate disciplinary procedures for such act, if it is wrongfully done.

The *Fisher* court went on to hold that the trial court had abused its discretion by denying a motion to withdraw. *Accord, State ex rel. Wilke v. Rush, supra* (abuse of discretion to deny withdrawal in absence of material adverse effect on client's interest); *Silva v. Perkins Mach. Co., supra* (abuse of discretion to deny withdrawal "in a civil action at noncritical stage of the proceedings"); *Lamb*, 382 S.E.2d at 236, (no abuse of discretion to grant withdrawal where attorney gave reasonable notice to client).[5]

Even though withdrawal generally should be allowed, it can be denied if specific articulable circumstances warrant that result. Thus, withdrawal was improper or not required in *Atlantic Petroleum Corp. v. Jackson Oil Co.*,

---

[5]The *Fisher, Rush, Silva*, and *Lamb* cases are ones in which an appellate court has reviewed a trial court's decision on withdrawal. For trial court decisions granting withdrawal, *see, e.g., Portsmouth Redev.*, 851 F.Supp. at 786; *Tower, supra; Hammond, supra; Kolacek, supra; Discovery Systems, supra; Kohler, supra; Farberware, supra; Max-um, supra; Cohen, supra; Rindner, supra.*

572 A.2d 469 (App. D.C. 1990) (granting withdrawal on date of trial was abuse of discretion where counsel was ready to try case and client had no other lawyer); *Hollis v. F.B. Meyers Bro. Co.*, 482 So.2d 568 (Fla. Dist. Ct. App. 1986) (denying withdrawal was not abuse of discretion where reason for withdrawal was fee dispute among associated attorneys and case already had been set for trial three times); *Kriegsman v. Kriegsman*, 150 N.J. Super. 474, 375 A.2d 1253 (1977) (denying withdrawal was not abuse of discretion where, in divorce case, firm billed $7,354, then sought to withdraw before trial); *Dennis v. Young*, 106 A.D.2d 762, 483 N.Y.S.2d 795 (1984) (granting withdrawal was abuse of discretion where lawyer for client had been hired by insurance company and coverage had not yet been decided); and *Gibbs, supra* (withdrawal denied where it would delay trial and jeopardize client's prospects for indemnity from arguably insolvent insurer).

In this case, the signed attorney-client agreement stated that Luvera reserved the right to terminate the relationship at any time. Luvera notified Kingdom of his intent to do that 17 months before trial. He offered assistance in finding a new attorney, and he referred the case to other attorneys for evaluation. He sent a formal notice of withdrawal only after Kingdom had failed to act for eight months—and while trial was still more than eight months in the future. Kingdom had every opportunity to seek new counsel, and given the facts present here, she, not Luvera, bore responsibility for the success of that endeavor. Because Luvera did everything possible to minimize the impact of his withdrawal on Kingdom's case, we hold that the trial court abused its discretion by refusing to grant an unconditional order of withdrawal.

Reversed and remanded for further proceedings.

BRIDGEWATER, J., and ALEXANDER, J. Pro Tem., concur.

Reconsideration denied October 2, 1995.

Review denied at 129 Wn.2d 1014 (1996).