Stafford J. KING, III

v.

NAIAD INFLATABLES
OF NEWPORT,
INC., et al.

No. 2009–141–Appeal.

Supreme Court of Rhode Island.

Dec. 14, 2010.

Keith B. Kyle, Esq., Newport, for Plaintiff.

Rachelle R. Green, Esq., Providence, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice FLAHERTY, for the Court.

■ The defendant, NAIAD Inflatables of Newport, Inc. (NAIAD),[1] is in the business of constructing and selling rigid hull inflatable boats. To assist in its sales efforts, NAIAD hired Stafford J. King, III (King), an independent contractor, who provided marketing services on a commission basis. It appears from the record that King claimed that NAIAD fell behind in its financial obligations to him. When the financial difficulties between King and NAIAD could not be resolved, a lawsuit ensued. NAIAD engaged the law firm of Duffy Sweeney & Scott, Ltd. (D & S) to defend it in the litigation.[2] Soon, however, it was alleged that NAIAD also became seriously delinquent in its financial obligations to D & S. Concerned with both a large receivable and a looming trial date, D & S filed a motion to withdraw from the case. A justice of the Superior Court denied the motion, and the law firm filed a timely appeal to this Court.[3] For the reasons set forth in this opinion, we reverse the order of the Superior Court.

## Facts and Travel

D & S had been representing NAIAD in connection with this controversy since No-vember 2004. When the relationship began, the parties entered into a standard written engagement agreement that called for remittance of payment "upon receipt" of bills for legal services rendered. Though its remittances often were late, NAIAD paid D & S upon monthly billing throughout 2006 and 2007. But in early 2008, NAIAD ceased making payments. A substantial balance accrued, and by December 31, 2008, NAIAD owed D & S more than $49,000 for past services. D & S made numerous requests for payments, sent reminder invoices, and warned NAIAD that D & S, under the agreement, would seek to withdraw as counsel if the client failed to bring the balance current. Further, D & S informed NAIAD that it would have the right to object before the Superior Court in the event that such a motion was filed.

Nonetheless, D & S continued to represent NAIAD throughout 2008 and into 2009. As the trial date of February 23, 2009 approached, the parties attempted to avoid trial by submitting the case to binding arbitration. However, that effort collapsed on January 30, 2009. D & S immediately contacted NAIAD's co-owner, Connett, Sr., to inform him that NAIAD would have to become current on its bills before the trial or D & S would move to withdraw.

Connett, Sr. told D & S that NAIAD would not object if the firm withdrew as counsel. On February 4, 2009, D & S filed a motion to withdraw based upon NAIAD's failure to fulfill its financial obligations un-

---

1. The owners of NAIAD, Stephan M.H. Connett, Sr., and Stephan M.H. Connett, Jr., also are named defendants to this action.

2. Craig M. Scott, Esq., no longer is associated with the law firm. The firm currently operates under the name Duffy & Sweeney, Ltd. This distinction does not have an impact on the issue before us.

3. The denial of a motion to withdraw is not interlocutory and can be appealed directly to this Court. *See Silva v. Perkins Machine Co.,* 622 A.2d 443, 444 (R.I.1993).

der the engagement agreement.[4] Supported by an affidavit of counsel, the motion was properly certified and forwarded to all parties of interest in accordance with the Superior Court Rules of Civil Procedure. In part, the affidavit averred, "[i]n compliance with Superior Court Rule of Practice 1.5, the undersigned certifies that he advised the Connetts on numerous occasions over the last several months that [D & S] will seek to withdraw as counsel if the balance is not paid, that they may object to counsel's Motion to Withdraw and that any failure to retain substitute counsel may not be considered grounds for delaying trial or any other matter that may be scheduled in this case."

On February 6, 2009, the Superior Court heard the D & S motion to withdraw. In denying the unopposed motion, the hearing justice cited Article V, Rule 1.16 of the Supreme Court Rules of Professional Conduct,[5] and ruled that granting the motion would have "a materially adverse effect" on the interests of NAIAD and the Connetts "tantamount to leaving your clients unrepresented." The hearing justice also reasoned:

"Based upon the following facts, the matter was given a trial date in October, the motion is, in this Court's judgment, not timely. This Court has not been convinced, based upon the affidavit submitted by counsel, that the clients have demanded or insisted upon the firm withdrawing. There is no entry of appearance that's been submitted by substitute counsel. There's no entry of appearance that has been filed by the named individuals as defendants in this particular matter. This Court has attempted to accommodate the parties in this matter, as well as parties in all other matters, with giving trial dates that are convenient with their schedule, as well as trying to maintain its own court calendar."

D & S timely appealed to this Court.

## Standard of Review

We review a hearing justice's denial of a motion to withdraw under an abuse of discretion standard. "When ruling on an attorney's motion to withdraw, the hearing justice, in his or her sound discretion, should consider' the reasons necessitating the withdrawal, the efficient and proper operation of the court, and the effect that granting or denying the motion will have on the parties to the litigation.'" *Mills v. State Sales, Inc.*, 824 A.2d 461, 468 (R.I.2003) (quoting *Carter v. Dworkin*, 561 A.2d 389, 391 (R.I.1989)). When the motion to withdraw is advanced in the context of "a civil action at a noncritical stage of the proceedings, a corporation that wants to litigate and prosecute its action cannot do so at the expense of the law firm representing it." *Town of North Smithfield v. Susan Marie Builders, Inc.*, 599 A.2d 319, 320 (R.I.1991).

## Analysis

After reviewing the record in this case, it is our opinion that the hearing justice did not properly exercise his discretion when he denied the motion to withdraw. In so holding, we are well aware that the able hearing justice was justifiably

4. A further complication arose because, although the trial was set to begin on February 23, the next scheduled motion calendar date was not until the first week in March.

5. The commentary entitled "Optional Withdrawal" to Art. V, Rule 1.16 of the Supreme Court Rules of Professional Conduct provides in pertinent part: "A lawyer may withdraw from representation in some circumstances. The lawyer has the option to withdraw if it can be accomplished without material adverse effect on the client's interests."

concerned about maintaining the integrity of his trial calendar. This being said, it is nonetheless our opinion that the hearing justice did not accord adequate weight to the financial burden that would befall D & S if the law firm were required to continue to represent a nonpaying client. This substantial burden was two-fold in nature: (1) an unpaid bill in excess of $50,000 was owed by the clients at the time the motion to withdraw was heard, and (2) it was unlikely that the clients would pay the projected fees for the upcoming trial, which plaintiff's counsel estimated would require nearly two weeks to litigate. The plight of D & S, in view of these significant financial burdens, was further exacerbated by the fact that D & S represented the clients under the terms of an engagement agreement that obligated the clients to pay all invoiced costs and fees "upon receipt." The agreement also expressly said that D & S had the right to terminate the engagement and discontinue providing legal services if NAIAD failed to pay bills promptly. In light of these facts, we are of the firm opinion that "[i]mposing such a financial burden on the law firm to maintain continued representation is improper." *Susan Marie Builders, Inc.*, 599 A.2d at 320. Lawyers are no different from other professionals; they are entitled to be paid for their work on a timely basis.

Furthermore, we hold that the law firm's request to withdraw was not presented at such a critical point in the litigation process that withdrawal would be detrimental to either the court or the client. We consider it significant (1) that counsel provided clients with ample advance notice of its intent to withdraw if the substantial outstanding account balance was not brought current per the terms of the engagement agreement, (2) that D & S made reasonable and good-faith efforts to protect the client's best interests when it sought to achieve final resolution of the underlying claim through a more efficient and less costly binding-arbitration effort that collapsed at the eleventh hour, but before the motion to withdraw was filed, (3) that at the time of the hearing, no additional motions were pending before the court,[6] and (4) that even though the trial date was approaching, neither the clients nor opposing counsel objected to the motion to withdraw. Indeed, NAIAD's interests were reasonably protected because King's counsel agreed to a short continuance of the impending trial date, which would give NAIAD an opportunity to make other arrangements.

In view of the legitimate concerns and hardships raised by D & S, we believe that the hearing justice placed too much emphasis on maintaining the trial date, overstated the adverse impact on the clients, and did not adequately consider the unreasonable financial burden that would befall D & S.

## Conclusion

For the reasons stated above, the Superior Court order on February 6, 2009, denying counsel's motion to withdraw, is reversed.[7] This case is remanded to the trial court for the entry of an order granting the motion to withdraw.

---

6. *See Mills v. State Sales, Inc.*, 824 A.2d 461, 469 (R.I.2003) (demonstrating that the pendency of motions is a factor relevant to consideration of a motion to withdraw).

7. This Court thanks the Rhode Island Bar Association and the Rhode Island Association for Justice for the filing of its well-written and helpful amicus memorandum in this matter.