IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ATLAS DEBT HOLDINGS, LLC, a Colorado Limited Liability Corporation, | No. 84907-7-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| SEAFOOD EXPRESS, LLC, a Washington State Limited Liability Company; ALFONSO TAVAGLIONE, an individual, | |
| Respondent. | |

COBURN, J. — Atlas Debt Holdings, LLC (Atlas) obtained a default judgment against Seafood Express, LLC and Alfonso Tavaglione. After Atlas agreed with Tavaglione to vacate the default judgment, Tavaglione then obtained a summary judgment dismissal and was awarded attorney fees. After Atlas missed its deadline to pay the fees, its attorney, Yumo (of the Wong Fleming law firm), while still actively seeking default motions on behalf of Atlas in other matters, moved to shorten time in order to withdraw because of "ethical concerns." Tavaglione, concerned that Atlas was unresponsive in paying the court-ordered attorney fees, objected to Yumo withdrawing without substitute counsel in place, and also filed a motion for contempt and order to show cause against Atlas. The court denied the motion to shorten time and found Atlas in contempt, imposed a daily monetary sanction, and ordered Atlas to appear at another

show cause hearing.  After Atlas failed to appear, the court increased the daily monetary sanction and ordered Atlas to note all filings in all its King County Superior Court matters in front of the undersigned judge.  After Wong Fleming violated that order, Tavaglione moved for a show cause hearing asserting that both Wong Fleming and Atlas were in contempt for violating the court's order.  Yumo filed a response motion and separately filed a motion to withdraw.  The trial judge found Atlas remained in contempt, and also found Wong Fleming in contempt.  The court ordered Wong Fleming to pay attorney fees to Tavaglione for that show cause hearing and "all related efforts."  The court later denied Yumo's motion to withdraw.

When Tavaglione moved for the previously awarded attorney fees, he not only requested fees related to Wong Fleming's contempt but also requested, out of "efficiency," fees for efforts responding to Wong Fleming's second motion to withdraw.  Tavaglione also requested the court reassign against Wong Fleming a previous attorney fees award against Atlas from a show cause hearing.  The court granted the motion.

Wong Fleming appeals the award of attorney fees against the law firm and the court's denial of its motion to withdraw.  Because Wong Fleming did not comply with the civil rules in its motion to withdraw, the court did not err in denying the motion.  Wong Fleming contends that the court improperly awarded fees under the contempt statute, RCW 7.21.030(3).  But the court found contempt under its inherent judicial power to award attorney fees as a sanction.  The reassigned attorney fees to Wong Fleming were initially awarded under RCW 4.84.330 and Wong Fleming presents no argument that an award under RCW 4.84.330 is improper.  However, we reverse the court's award of attorney fees related to Tavaglione having to respond to Wong Fleming's

second motion to withdraw because the court did so without a legal basis for awarding such fees.  Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

FACTS

Atlas is a corporation based in Colorado.  Through its Washington counsel of record Yumo of Wong Fleming,[1] Atlas brought action against a defunct company, Seafood Express, Inc., for breach of a small business loan promissory note.[2]  Alfonso Tavaglione was also named a defendant as the purported guarantor of the loan note.  Atlas obtained a default judgment against Tavaglione and Seafood Express.  Atlas and Tavaglione stipulated to vacating the default judgment against Tavaglione,[3]  and Tavaglione then successfully sought summary judgment dismissal.

The trial court, under RCW 4.84.330, awarded $29,338.50 in attorney fees and costs to Tavaglione as the prevailing party.[4]  A few days after Atlas missed its deadline to pay, Wong Fleming filed a notice of intent to withdraw.  On the same day as their filing of the motion to withdraw, Wong Fleming served Atlas via e-mail and certified mail.  Wong Fleming did not provide any indication of prior notice to Atlas or attempts to secure replacement counsel.

---

[1] Wong Fleming identifies itself both with an ampersand and without an ampersand in the firm's name.

[2] The original lender was LoanMe, Inc.  Through a chain of debt purchasing agreements Atlas became the assignee of the debt prior to bringing the action.

[3] Tavaglione's name was not actually entered as the guarantor on the exhibit in Atlas' complaint presented as the promissory note.  The promissory note consisted of an electronic form printout lacking signature fields or initial blocks.  The default against Seafood Express was not impacted by the summary judgment in favor of Tavaglione.

[4] The original attorney fee provision professes a unilateral obligation to pay the Lender's fees to collect under the note, but under Washington law such provisions are interpreted to be bilateral, "whether [the prevailing party] is the party specified in the contract or lease or not." RCW 4.84.330.

Tavaglione objected to the withdrawal and also moved for a show cause hearing requesting the court find Atlas in contempt for not complying with the court's order to timely pay the previously awarded attorney fees. Tavaglione asked that Atlas be required to appoint new counsel before Wong Fleming could withdraw, and also asked for an award of sanctions and fees. Tavaglione noted that a cursory search of debt collection cases in Washington state electronic directories showed that Wong Fleming continued to represent Atlas in numerous other pending matters, including a case set for trial in King County and that "as of this writing, no withdrawals were filed in any other King County matter."

Two days after Tavaglione's motion for contempt was filed, Wong Fleming filed a motion to shorten time for the court to hear its motion to withdraw. Wong Fleming's motion to shorten time stated that it was a response to Tavaglione's motion to show cause and motion for contempt, which "necessitates this Motion to Shorten time to allow withdrawal of counsel prior to any obligation of an answer." To show good cause for shortening time, Wong Fleming argued there was no pending trial or dispositive motions before the court; that "[a]ll matters of substance have been adjudicated;" and that "[p]laintiff's counsel has identified the basis of the withdrawal as professional considerations under RPC 1.16."

The court denied the motion to shorten time and instructed counsel that the motion needed to be noted consistent with the local rules. KING COUNTY SUPER. CT. LOC. CIV. R. 7(b)(10); Three days later on September 26, Atlas filed a response to the motion for contempt. Atlas asserted they were not in contempt of the court's August order to timely pay because Tavaglione had not applied to convert the award to

4

judgment. In its reply, Tavaglione brought to the court's attention the fact that Wong Fleming, on behalf of Atlas, recently filed for default judgment against Northwest Window Cleaning, LLC, another case in King County Superior Court.

The trial court found Atlas had failed to comply with the court's order for Atlas to pay and had failed "in any way to provide any factual basis or reason for its absolute failure to comply." The court found that "[p]ursuant to RCW 7.21.030, Plaintiff Atlas has failed to perform an act that readily appears that they can perform which is the payment of funds due and owing pursuant to this litigation that Plaintiff Atlas initiated." The court ordered a $250 daily sanction against Atlas starting from the date of the contempt order "until Plaintiff makes payment;" ordered the parties to appear via video conference at an October 6 purge hearing; and awarded additional attorney fees, under RCW 4.84.330, against Atlas for the necessity of bringing this motion. The court specifically ordered that "[c]urrent counsel for Plaintiff shall appear at the hearing regardless of whether they continue to represent Plaintiff."

Atlas failed to appear at the October 6 hearing. Wong Fleming appeared. The court found Atlas remained in contempt.[5] The court awarded Tavaglione attorney fees and costs against Atlas, and increased the daily sanction from $250 to $500. The trial court also ordered that

> All Atlas Debt Holdings, LLC cases and filings in King County Superior
> Court shall be noted before the undersigned judge. Atlas Debt Holdings is
> precluded from submissions in any case to the Ex Parte and Probate
> Department of King County Superior Court. This order will be filed in the
> two other cases the undersigned is aware of involving Atlas Debt
> Holdings.

---

[5] The record before us does not include a verbatim report of proceedings from the October 6 hearing.

On November 17, Wong Fleming filed a notice of intent to withdraw from the Northwest Window Cleaning case without noting the pleading before the judge in the Tavaglione case as previously ordered by the court. Based on this filing, Tavaglione motioned for another show cause hearing, only this time asserting that both Wong Fleming and Atlas were in contempt under RCW 7.21.010 and RCW 7.21.030.

Wong Fleming filed a response to the motion and separately filed a motion to withdraw. In the motion to withdraw, Wong Fleming stated that "professional considerations under Rule of Professional Conduct (RPC) 1.16 require withdrawal" and that "Plaintiff's counsel is currently withdrawing from other Atlas matters." Counsel stated that "on or about September 19, 2022, I instructed my support staff" to file the notice of intent to withdraw, and that "[a]t that time, it was my intention to fully withdraw from all Atlas matters due to ethical concerns raised by our client's behavior regarding the present action." Wong Fleming also submitted a declaration of an associate attorney stating that on November 29 they communicated with an attorney at the Washington State Bar Association's (WSBA) ethics hotline seeking guidance "regarding professional responsibilities under Rule 1.6 and Rule 1.16" and that they relied on a WSBA advisory opinion to help Yumo draft the response to the motion for order to show cause. The response motion stated "Plaintiff's counsel cannot provide further explanation on the record but will do so in camera or under seal if the court so orders." Yumo's supporting declaration stated, "At this time, there is a strong basis for this Court to permit withdrawal pursuant to RPC 1.16." It appears Wong Fleming did not note the motion to withdraw for a hearing.

Tavaglione filed a response to the motion to withdraw with evidence that Wong Fleming had filed stipulated notices of settlement and declarations in support of default judgment in other debt collection cases on behalf of Atlas in Washington state on September 22 and 30, days after Wong Fleming claimed they intended on or about September 19 to withdraw from "all Atlas matters due to ethical concerns."

The court ordered Atlas and its counsel to appear at a December 16 show cause hearing. Wong Fleming, Atlas's owner Rory Lamberton, and Atlas's counsel located in Texas[6] appeared remotely via video-conferencing at the hearing. During the hearing, the court questioned Wong Fleming's understanding of the court's previous order:

> COURT: Was there any confusion in my order that you were to note and file matters directly to me? I mean, certainly I've received working papers from your office before. It's not that challenging to do so. So I guess my question there is, was there something unclear about that order or the specific instructions?
>
> COUNSEL: No, Your Honor, there was not. It was just a miscommunication between – internally within my office as I was out of the country . . . That was my error, I guess, my error in not making sure that my assistant was sending it directly to the correct court. But I understood your order . . .

Wong Fleming conferred privately with its client during the hearing and reported back to the court that Wong Fleming had financial difficulty and could not comply with the court's order and planned to file for bankruptcy. At the hearing the court made oral rulings that Atlas remained in contempt, and that Wong Fleming also was in contempt. No one raised the issue of Wong Fleming's motion to withdraw.

---

[6] Wong Fleming's declarations stated that it communicates with Kramer, Fox and Associates, a Texas firm "who is our point of contact with the Plaintiff . . . for all matters relating to the Atlas cases."

On December 20, the trial court denied Wong Fleming's motion to withdraw. The trial court first noted that Wong Fleming was currently subject to an oral finding and order of contempt issued on December 16. The court observed that "[w]hile there is no pending trial date, the existence of contempt orders as to both Plaintiff and Plaintiff's counsel raise significant issues in permitting withdrawal." The court found that Wong Fleming had inconsistently reported its involvement in other ongoing litigation involving Atlas, that the service on the previous notice of withdrawal did not include their client or their client's representative or any other Texas address, and that Tavaglione would experience significant prejudice without a substitution of counsel due to the inability of Atlas to appear pro se before the court.[7] The court recognized that while the merits of the underlying case had been resolved by a summary judgment, resolution of the litigation was not yet over. The trial court noted it was understandable that Wong Fleming found itself in a challenging position between representation of its client and the RPCs, but that counsel did not have these concerns and did not seek advice of the WSBA until after the issuance of multiple orders. Moreover, the court observed that "[i]t appears that counsel has identified means to represent this Plaintiff in other cases while complying with the RPCs." The court concluded that it seemed Wong Fleming could comply with its ethical obligations and limit its representation to only that which is permitted by the RPCs.

---

[7] Corporations appearing in court proceedings must be represented by an attorney. Marina Condo. Homeowner's Ass'n v. Statford at Marina, LLC, 161 Wn. App. 249, 263-64, 254 P.3d 827 (2011) ("LLCs, like corporations, are artificial entities that act only through member/agents . . . [w]ith few exceptions, only active members of the Washington State Bar Association may practice law . . . "pro se" exceptions are quite limited and apply only if the layperson is acting solely on his own behalf.").

In the court's written order on contempt, the court found Wong Fleming to be in contempt for failing to note its notice of withdrawal in the Northwest Window Cleaning case before the undersigned court as required by the court's prior order. Attorney fees and costs were awarded to Tavaglione against Wong Fleming for the December 16, show cause hearing, "the preceding motion, and all related efforts." The court found that Atlas had failed to purge its existing contempt order.

On January 6, 2023, Tavaglione submitted a motion for attorney fees and costs against Wong Fleming for a total of $14,650.45, that included both work related to Wong Fleming's contempt finding as well as Tavaglione's response to Wong Fleming's motion to shorten time and prior motions to withdraw. The court granted Tavaglione's request for fees in a January 20 order. The fees relating to responding to the motion to shorten time and first motion to withdraw had been previously awarded against Atlas, but the court granted Tavaglione's request to reassign that award against Wong Fleming. The court later entered judgment on the court's previous order for attorney fees against Atlas.

Wong Fleming appeals the December 20, 2022 order denying its motion to withdraw, the January 23, 2023 order granting attorney's fees against Wong Fleming, and the final judgement.

DISCUSSION

Denial of Withdrawal

Withdrawal is a matter addressed to the discretion of the trial court, and so an appellate court will reverse only for abuse of discretion. Kingdom v. Jackson, 78 Wn. App. 154, 158, 896 P.2d 101 (1995). "The attorney-client relationship is consensual,

and either side's desire to quit it should be given great weight." Kingdom, 78 Wn. App. at 160. Approval to withdraw "'should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court.'" Id. (quoting Fisher v. State, 248 So.2d 479, 486 (Fla. 1971)). When retained counsel seeks to withdraw from a civil case, they must abide by the requirements of CR 71(c). Kingdom, 78 Wn. App. at 156-57. CR 71(c) provides that such counsel may withdraw in the following manner:

> (1) Notice of Intent to Withdraw. The attorney shall file and serve a Notice of Intent To Withdraw on all other parties in the proceeding. The notice shall specify a date when the attorney intends to withdraw, which date shall be at least 10 days after the service of the Notice of Intent To Withdraw. The notice shall include a statement that the withdrawal shall be effective without order of court unless an objection to the withdrawal is served upon the withdrawing attorney prior to the date set forth in the notice. If notice is given before trial, the notice shall include the date set for trial. The notice shall include the names and last known addresses of the persons represented by the withdrawing attorney, unless disclosure of the address would violate the Rules of Professional Conduct, in which case the address may be omitted. If the address is omitted, the notice must contain a statement that after the attorney withdraws, and so long as the address of the withdrawing attorney's client remains undisclosed and no new attorney is substituted, the client may be served by leaving papers with the clerk of the court pursuant to rule 5(b)(1).
>
> (2) Service on Client. Prior to service on other parties, the Notice of Intent To Withdraw shall be served on the persons represented by the withdrawing attorney or sent to them by certified mail, postage prepaid, to their last known mailing addresses. Proof of service or mailing shall be filed, except that the address of the withdrawing attorney's client may be omitted under circumstances defined by subsection (c)(1) of this rule.
>
> (3) Withdrawal Without Objection. The withdrawal shall be effective, without order of court and without the service and filing of any additional papers, on the date designated in the Notice of Intent To Withdraw, unless a written objection to the withdrawal is served by a party on the withdrawing attorney prior to the date specified as the day of withdrawal in the Notice of Intent To Withdraw.
>
> (4) Effect of Objection. If a timely written objection is served, withdrawal may be obtained only by order of the court.

Although CR 71 provides detailed procedural guidance to a withdrawing attorney, it expressly does not define the circumstances under which a court may deny withdrawal. CR 71(a); Robbins v. Legacy Health Sys., Inc., 177 Wn. App. 299, 309, 311 P.3d 96 (2013). When exercising its discretion on the subject of withdrawal, a trial court should consider all pertinent factors, including the ones listed in RPC 1.16.[8] Kingdom, 78 Wn. App. at 158. Kingdom states:

> In exercising its discretion, a trial court should consider all pertinent factors. Some are listed in Rule of Professional Conduct [1.16]. Others are found in caselaw. They include whether withdrawal will delay trial or otherwise interfere with the functioning of the court, whether the client has had or will have an opportunity to secure substitute counsel, whether the client has sufficient prior notice of the lawyer's intent to withdraw, whether the client lacks the ability to prove a prima facie case, whether the client has failed to pay the lawyer's fees, whether the client has failed to cooperate with the lawyer, whether a denial of withdrawal will cast an unfair financial burden on the attorney, whether the lawyer is unable to find or communicate with the client, and whether there is any other prejudice to the client or lawyer.

78 Wn. App. at 158-60 (citations omitted). In its order denying Wong Fleming's withdrawal, the trial court first noted that Wong Fleming was currently subject to an oral finding and order of contempt issued on December 16. The court observed that "[w]hile there is no pending trial date, the existence of contempt orders as to both Plaintiff and Plaintiff's counsel raise significant issues in permitting withdrawal." The court then found that Wong Fleming had inconsistently reported its involvement in other ongoing litigation involving Atlas, that the service on the previous notice of withdrawal did not include its client or its client's Texas law firm[9] or any other Texas address, and that

---

[8] Formerly RPC 1.15 (2005). The rule was renumbered as RPC 1.16 and amended effective September 1, 2006.

[9] Wong Fleming's declarations stated that they communicate with Kramer, Fox and Associates, a Texas firm "who is our point of contact with the Plaintiff . . . for all matters relating to the Atlas cases."

Tavaglione would experience significant prejudice without a substitution of counsel due to the inability of Atlas, an LLC, to appear pro se before the court. While the merits of the case had been resolved by a summary judgment, litigation continued. While the court appreciated the challenging position Wong Fleming was in, the challenges were apparently not so great to where Wong Fleming did not seek advice of the WSBA until after the issuance of multiple orders. Notably, the court observed that Wong Fleming was able to represent Atlas in other cases while complying with the RPCs and, in the instant case, it appeared Wong Fleming would be able to comply with its ethical obligations and limit its representation to only that which is permitted by the RPCs.

Wong Fleming argues that they "complied with RPC 1.16 and 1.6[10] by noting that professional considerations require withdrawal." But during the December 16 show cause hearing, Wong Fleming said, "Well, my clients being here I think shows that they are trying to comply with the Court's order. My discussions with them, I have not received – the only thing I can tell the Court, and it's part of the issues of the ongoing need to withdraw, is that there is – I have not received any authority by my clients to try to settle or to try to authorize payment to on the matter [sic]." During the hearing Wong Fleming was able to confer with its client in private and afterward conveyed to the court that its client had financial difficulty, would not be able to comply with the court's order, and planned to file for bankruptcy. Wong Fleming never expressed difficulty

---

[10] RPC 1.6(a) states "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)." RPC 1.6(b) lists eight specific exceptions where counsel shall or may disclose client information without consent. RPC 1.6(c) states "[a] lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client."

communicating with its client or representing their wishes to the court during the hearing.

Wong Fleming argues the only reason their withdrawal could impact the Court is the lack of counsel to appear for a corporation. The law firm completely disregards its failure to adhere to the procedural requirements of the superior court's civil rules. The only indication of notice of withdrawal to Atlas is a declaration of service stating Wong Fleming sent a copy of the September 19, 2022 notice of the intent to withdraw to Atlas by email and certified mail the same day it filed the notice with the court. Yumo's declaration stated that on September 20, one day *after* filing of the first notice of intent to withdrawal and one day before filing its first motion to withdraw, Wong Fleming notified Atlas of its motion to withdraw and Tavaglione's objection, and recommended Atlas retain new counsel. That first motion to withdraw was struck following denial of the motion to shorten time.

Wong Fleming does not provide evidence of or even assert that it gave notice to Atlas when it resubmitted its second motion to withdraw on December 1. The court's concern about whether proper notice was served to Wong Fleming's client is well-founded in the rules of professional conduct and the court rules. RPC 1.16(d) requires that during termination of representation a lawyer "shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice . . . [and] allowing time for employment of another legal practitioner." RPC 1.16(c) requires that a withdrawal *must* be accomplished in a manner which complies with applicable law regarding notice and the permission of the tribunal. Superior Court Civil Rule 71(c) mandates that notice of withdrawal include proof of service on all parties, including the

13

client, and a minimum 10-day period to run only once service is effective to allow for objections. Adherence to these requirements is not optional. See In re Disciplinary Proc. Against Pfefer, 182 Wn.2d 716, 729, 344 P.3d 1200 (2015) (Disciplinary charges for violation of RPC 1.16(c) and (d) upheld, where attorney's notice of withdrawal "effective immediately" violated CR 71 including by not showing proof of service, and on finding that client was informed of the withdrawal "only by leaving a message with a friend and mailing a copy of the notice."). Wong Fleming's representation that it had secured the approval of its client prior to withdrawal (or indeed, at any time) is presented without support in the record. Moreover, Yumo demonstrated at the December 16 hearing that he could, without issue, communicate with his client and represent his client's position regarding the issues of concern before the court.

Wong Fleming relies on the permissive withdrawal standards discussed in Kingdom and Robbins, but the situations in those cases are readily distinguishable from Wong Fleming's situation here. In Kingdom, the attorney notified his client long before submitting a formal notice of withdrawal more than a year before the scheduled trial date, having already spent eight months attempting to locate another attorney for his client. 78 Wn. App. at 161. The Kingdom court found that the attorney "did everything possible to minimize the impact of his withdrawal on Kingdom's case." Id. In Robbins, the attorney gave her clients ample notice of intent to withdraw and ample time to find a new attorney. 177 Wn. App. at 314. It was expressly found that the Robbins client's material breaches of the attorney's fee agreement rendered the attorney's representation unreasonable, and that there would be no harm to the efficiency of the justice system with the attorney's departure. Id. Unlike the attorneys in those cases,

14

the attorney here was under a contempt finding as was his client who had already been nonresponsive to court orders including failure to appear at a show cause hearing.

Kingdom states that a trial court "should consider all pertinent factors" in exercising discretion to permit withdrawal. 78 Wn. App. at 158. An implicit factor central to the determinations displayed by Kingdom and Robbins that is lacking in this case is transparency and consistency of communications. At no point below or on appeal does Wong Fleming make a showing that efforts were employed to locate substitute counsel for Atlas. Wong Fleming's contention that this is irrelevant fails. Though the merits of the underlying case had been resolved via summary judgment, the court found that the "litigation is not over, and resolution remains outstanding."

The trial court did not abuse its discretion in denying Wong Fleming counsel's second motion to withdraw.

### Finding of Contempt

Wong Fleming argues that the court improperly found it in contempt under RCW 7.21.010 and improperly awarded attorney fees as a sanction. However, the court did not find contempt against Wong Fleming under RCW 7.21.010. The court found Wong Fleming "in contempt for failing to note its notice of withdrawal – filed in 21-2-08795-3 KNT, Atlas Debt Holdings, LLC v Northwest Window Cleaning – before the undersigned, as required by this Court's prior order on contempt review." The court stated at the hearing that it was "ordering for the contempt as to the improper noting."

Trial courts may award attorney fees when authorized by a contract, a statute, or a recognized ground in equity. Cosmopolitan Eng'g Grp., Inc. v. Ondeo Degremont, Inc., 159 Wn.2d 292, 297, 149 P.3d 666 (2006). "The court's power to award attorney

15

fees on an equitable basis stems from the inherent power of the court." Dalton M, LLC v. N. Cascade Tr. Servs., Inc., 2 Wn.3d 36, 49, 534 P.3d 339 (2023) (citing In re Recall of Pearsall-Stipek, 136 Wn.2d 255, 267 n.6, 961 P.2d 343 (1998)). "The court's inherent power to sanction is 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" State v. S.H., 102 Wn. App. 468, 475, 8 P.3d 1058 (2000) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). "Sanctions may be appropriate if an act affects 'the integrity of the court and, [if] left unchecked, would encourage future abuses.'" S.H., 102 Wn. App. at 475 (alteration in original) (quoting Gonzales v. Surgidev, 120 N.M. 151, 899 P.2d 594, 600 (1995)). "'[A] specific finding as to whether counsel's conduct . . constituted or was tantamount to bad faith . . . [has] to precede any sanction under the court's inherent powers.'" Id. at 474 (alterations in original) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980)).

"'[D]ecisions either denying or granting sanctions . . . are generally reviewed for abuse of discretion.'" Id. (quoting Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 338, 858 P.2d 1054 (1993)). "But the 'choice of sanctions remains subject to review under the court's inherent authority applying the arbitrary, capricious, or contrary to law standard of review.'" Id. (quoting Butler v. Lamont Sch. Dist., 49 Wn. App. 709, 712, 745 P.2d 1308 (1987). "'A Washington court has the inherent power to assess the litigation expenses, including attorney fees, against an attorney for bad faith litigation conduct.'" Id. at 474 (quoting Wilson v. Henkle, 45 Wn. App. 162, 174-75, 724 P.2d 1069 (1986)). "[A] trial court's inherent authority to sanction litigation conduct is

properly invoked upon a finding of bad faith. A party may demonstrate bad faith by, *inter alia*, delaying or disrupting litigation." Id. at 475 (citing Chambers, 501 U.S. at 46). "This court has held that a finding of 'inappropriate and improper' is tantamount to a finding of bad faith." Id. (quoting Wilson, 45 Wn. App. at 175).

It is worth revisiting the backdrop of why the court ordered Atlas to note all of its pleadings in all of its King County Superior Court matters in front of the assigned judge in Tavaglione's matter. Tavaglione had no success getting Atlas to pay its $29,338.50 attorney fee award that was due within 30 days of August 15, 2022. When Wong Fleming filed a notice of intent to withdraw a few days after the attorney fee was due but unpaid, Tavaglione objected. He also filed a motion for contempt and to show cause against Atlas, and maintained that LLCs appearing in court proceedings must be represented by an attorney. Tavaglione pointed out to the court that Wong Fleming had recently filed on Atlas' behalf a motion for a default judgment in another case in King County Superior Court. The court found Atlas in contempt, awarded Tavaglione attorney fees as against Atlas and imposed daily sanctions until Atlas complied with the court's order. The court also ordered Wong Fleming and Atlas to appear at an October show cause hearing. Wong Fleming appeared at the hearing, but Atlas did not, apparently with no explanation regarding its nonappearance or its noncompliance. That is when the court increased Atlas' daily sanction and ordered that "[a]ll Atlas Debt Holdings, LCC cases and filings in King County Superior Court shall be noted before the undersigned judge. Atlas Debt Holdings is precluded from submissions in any case to the Ex Parte and Probate Department of King County Superior Court." The next month

17

Wong Fleming filed the notice of intent to withdraw in the Northwest Window Cleaning case without noting it before the judge that previously ordered that it do so.

At Wong Fleming's later show cause hearing, Yumo conceded the court's order was clear and that he did not comply, but claimed it was a mistake because of an internal miscommunication. The record establishes that the court rejected any suggestion that it was a mistake. The court expressly found that Wong Fleming's failing to note the Atlas pleading as previously ordered was "improper." This satisfies the requirement that the court make a bad faith finding to support the court's exercise of inherent power to sanction Wong Fleming and award attorney fees in favor of Tavaglione.

Wong Fleming argues for the first time on appeal that the electronic filing system of the court prevented them from notifying the judge in this matter and so "[t]here was no way for Wong Fleming to direct any filing to the trial judge." We decline to consider arguments raised for the first time on appeal. RAP 2.5; Wash. Fed. Sav. v. Klein, 177 Wn. App. 22, 29, 311 P.3d 53 (2013) ("As a general matter, an argument neither pleaded nor argued to the trial court cannot be raised for the first time on appeal.").

At oral argument, Wong Fleming attempted to attack the trial court's initial finding of Atlas in contempt.[11] However, appellant did not assign error to this ruling or identify it in its issues pertaining to its assignments of error. Nor did it substantively make this argument in its opening brief. At most, it makes a passing reference when it wrote that "enforcing [Atlas'] money judgment through contempt [would be] contrary to Washington

---

[11] Wash. Court of Appeals oral argument, Atlas Debt Holdings, LLC v. Seafood Express, LLC, No. 84907-7-I (June 6, 2024), at 1 min., 45 sec. to 7 min., 55 sec., video recording by TVW, Washington State's Public Affairs Network, https://www.tvw.org/watch/?clientID=9375922947&eventID=2024061211.

law." But this contention was not substantively argued, and instead served as support to the argument that the trial court should not have denied Wong Fleming's motion to withdraw if "the only matter" was a failure by Atlas to pay attorney fees on the original summary judgment. Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration. Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) (citing State v. Johnson, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992)).

### Award of Attorney Fees

Wong Fleming challenges the court's January 20, 2023 order granting Tavaglione's motion for attorney fees as against Wong Fleming, arguing that there is no legal basis for the award.

In January 2023, Tavaglione motioned for attorney fees. He sought a total of $6,544.98 in attorney fees and costs for work related specifically to the court's finding Wong Fleming in contempt for the improper noting of its filing in Atlas' Northwest Window Cleaning case. This included work on the November 22, 2022 motion for order to show cause, the December 5 reply motion, and the December 16 show cause hearing where the court found Wong Fleming in contempt. As discussed above, we find the court did not abuse its discretion in exercising its inherent power by sanctioning Wong Fleming for its "improper" conduct and awarding attorney fees.

But Tavaglione's motion, "for the sake of efficiency," also requested $4,820.49 in attorney fees and costs for responding to Wong Fleming's second motion to withdraw. In granting the motion, the court reasoned "it related to efforts to address the violation of the undersigned's order regarding filings for which Wong Fleming violated." We

19

disagree.  While it is true that Wong Fleming filed its second motion to withdraw contemporaneously with its response to Tavaglione's motion to show cause, that motion asserted that both Atlas and its counsel should be found in contempt.  The imposition of sanctions using inherent powers must be accompanied by a specific finding of bad faith.  S.H., 102 Wn. App. at 474-75.  Tavaglione did not suggest these fees were related to efforts in response to the contempt action.  The court did not find that Wong Fleming acted in bad faith in filing its second motion to withdraw.  Even when the record supports an inference that the court deemed an attorney's conduct to be inappropriate and improper, which is tantamount to a finding of bad faith, "in the absence of an express finding, we will not assume that the judge found bad faith, even where the record would support such a finding, if made."  S.H., 102 Wn. App. at 479.  "In the context of attorney fees based on a party's bad faith conduct, the United States Supreme Court has made clear that '[a] court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees.'"  Dalton M, LLC, 2 Wn.3d at 49-50 (quoting Chambers, 501 U.S. at 50).  When Wong Fleming was found to have improperly failed to note their motion to withdraw in Northwest Window Cleaning it was after they had been specifically instructed to note in front of the judge in this matter all of Atlas's filings in all cases in King County Superior Court.  But, when Wong Fleming had earlier filed their first motion to withdraw in this matter, the court merely struck it because it denied its motion to shorten time and directed Wong Fleming to properly note the motion consistent with the local rules.  Wong Fleming was not given any indication that it could be sanctioned if it later filed an unsuccessful motion to

withdraw, nor can we imagine a circumstance where a court would order such a limitation.

Tavaglione also requested in his January motion for the court to reassign $4,820.49 in attorney fees and costs previously awarded against Atlas for Tavaglione having to respond to Wong Fleming's September 21, 2022 motion to shorten time and motion to withdraw. The court awarded the fee under RCW 4.84.330 because the small business loan promissory note that was the basis of the underlying suit had an attorney fee and expenses provision. Notably, at the December 16 show cause hearing where Atlas did appear, Wong Fleming represented that Atlas' financial difficulties made it impossible for Atlas to comply with the court's order and that it planned to file for bankruptcy. Come January, Tavaglione argued that this award, which Atlas did not appeal, should be reassigned against Wong Fleming because they acted on their own in attempting to withdraw, thus the fees and costs related to Tavaglione having to respond were incurred "solely due to Wong Fleming's actions." Wong Fleming presents no argument as to why attorney fees awarded under RCW 4.84.330 are improper. We conclude that Wong Fleming has waived its challenge to the court's award of attorney fees by not presenting any argument regarding the basis under which the court awarded its fee. Without argument or authority to support their claim, an appellant waives that assignment of error. Bercier v. Kiga, 127 Wn. App. 809, 824, 103 P.3d 232 (2004) (citing Smith v. King, 106 Wn.2d 443, 451-52, 722 P.2d 796 (1986)).

Wong Fleming next argues that the trial court fails to identify its findings justifying the award of attorney fees, and that the trial court inappropriately "merely accepts [Tavaglione's counsel's] hourly rate." This argument is contradicted by the

record. The Court noted that it had previously found a reasonable hourly rate for Tavaglione's counsel based on "the experience, skill, and education" of counsel, incorporates that finding by reference, and states that it compared the requested rate to the court's own "knowledge of hourly rates for attorneys of similar skill and experience in the same community." On August 15, 2022, the court found that the hourly rates of two attorneys are

> reasonable based on the experience, skill, and education of each attorney, and supported with citations to relevant cases where similar billing rates were awarded. Moreover, the Court is permitted to use its knowledge of hourly rates for attorneys of similar skill and experience in the same community and agrees that these rates are reasonable.

Without citing to any supporting authority, Wong Fleming takes issue with the trial court's incorporation of a prior determination of hourly rates, but makes no substantive challenge to any finding of fact as to the determination of the amount of fees awarded. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." DeHeer v. Seattle Post–Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

The court abused its discretion in awarding attorney fees against Wong Fleming for Tavaglione having to respond to the second motion to withdraw because the court did so without any authority for awarding these fees. Trial courts may award attorney fees when authorized by a contract, a statute, or a recognized ground in equity. Cosmopolitan Eng'g Grp., 159 Wn.2d at 297. We remand with directions for the trial court to strike the $1,652.49 award for Tavaglione's defense of Wong Fleming's second motion to withdraw, but otherwise affirm the award of attorney fees.

<u>Fees on Appeal</u>

RAP 18.1 allows an award of fees on appeal where applicable law provides such a right. <u>In re Marriage of Curtis</u>, 106 Wn. App. 191, 202, 23 P.3d 13 (2001), Tavaglione argues he is entitled to an award of attorney fees on appeal for defending "the appeal of a contempt order . . . under RCW 7.21.030(3)." However, the court did not award attorney fees under RCW 7.21.030(3). Tavaglione does not request attorney fees under any other basis. We decline Tavaglione's request for attorney fees on appeal.

CONCLUSION

We affirm the trial court's order denying motion to withdraw and affirm in part and reverse in part the order granting motion for attorney's fees against Wong Fleming. On remand, the trial court is directed to strike the $1,652.49 award for Tavaglione's defense of Wong Fleming's second motion to withdraw.

_Coburn, J._

WE CONCUR:

_Díaz, J._

_Dwyer, J._